FILED
2020 DEC 24 PM 2:37
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| PURPLE INNOVATION, LLC, a Delaware limited liability company<br><br>Plaintiff,<br><br>v.<br><br>RESPONSIVE SURFACE TECHNOLOGY, LLC, a Delaware limited liability company, and PATIENTECH, LLC, a Delaware limited liability company,<br><br>Defendants. | **PRELIMINARY INJUNCTION ORDER**<br><br>Case: 2:20-cv-00708-RJS-CMR<br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Judge Cecilia M. Romero |

Before the court is Plaintiff Purple Innovation LLC's Motion for Temporary Restraining Order and Preliminary Injunction (the "Motion") against Defendants Responsive Surface Technology, LLC and PatienTech, LLC (collectively, "Defendants").[1] The Motion was filed on November 23, 2020.[2] Plaintiff served the Motion on the Defendants the same day.[3] The Court held a status and scheduling conference on November 25, 2020.[4] On December 4, 2020, the Court received Defendants' Response to the Motion.[5] The Reply was filed by Plaintiff on December 9, 2020.[6] On December 11, 2020, the Court held a hearing on the motion and received extensive argument from counsel.[7] The Court recessed the hearing for a time and when the

---

[1] Dkt. 16.
[2] Dkt. 16.
[3] Dkt. 16.
[3] Dk. 16.
[4] Dkt. 51.
[5] Dkt. 46.
[6] Dkt. 54.
[7] Dkt. 67.

hearing resumed, the Court provided a lengthy oral ruling explaining its decision and the bases for that decision.[8] The transcript from that portion of the hearing was incorporated into the Order and provided a further basis for the conclusions therein.[9]

Based upon the Motion, for good cause shown, and pursuant to Federal Rule of Civil Procedure 65, the Court entered a Temporary Restraining Order (the "Order").[10] Thereafter, Purple posted the $60,000 bond in compliance with the Order, and the parties conferred about the need for a preliminary injunction hearing.[11]

The parties have submitted their report regarding the preliminary injunction (the "Report"), which is incorporated here by reference.[12] As set forth in the Report, Defendants consent to a preliminary injunction order under the terms imposed by the Order for the pendency of this case or until such time as the court dissolves the preliminary injunction, either by motion or on its own authority. Accordingly, the court enters this preliminary injunction as follows:

1. As further explained in the court's oral ruling at the conclusion of the hearing on the Motion, Plaintiff has demonstrated a substantial likelihood of prevailing on the merits of its claims against Defendants for trademark infringement and breach of contract. The evidence establishes that Defendants are using in commerce and in connection with the sale of goods and services Purple's name and trademarks, including U.S. Trademark Reg. No. 5,659,565 for the use of the stylized mark PURPLE and U.S. Trademark Reg. No. 5,659,866 for the standard character mark PURPLE, and including the Purple Grid™ mark, for which a trademark

---

[8] Dkt. 63.
[9] Dkt. 63.
[10] Dkt. 63.
[11] *See* Dkt. 66.
[12] Dkt. 72.

registration is pending and for which Defendants have acknowledged common law trademark rights by using the "TM" to refer to the Purple Grid™ mark (collectively, the "Marks").

2. Unless an injunction issues, Plaintiff will suffer irreparable harm, including but not limited to injury to its goodwill and reputation, and its ability to do business in an amount difficult or impossible to quantify monetarily.

3. Plaintiff has served Defendants with notice of the Motion. Given the irreparable harm Plaintiff has suffered and will continue to suffer until an injunction is issued, further delay is unwarranted.

4. An injunction would not be adverse to the public interest.

5. The threatened injury to Plaintiff outweighs whatever damage this injunction will cause to Defendants.

6. Therefore, under Rule 65 of the Federal Rules of Civil Procedure and 15 U.S.C. § 1116(a), Plaintiff is entitled to a preliminary injunction, and Defendants are ordered as follows:

    a. Defendants are ordered to immediately discontinue all use of Purple's intellectual property rights including Purple's name, brand, and the Marks. Excepted from this order are necessary, neutral references to Purple's name and Marks made in customary and regular invoices or related communications with customers related to fulfilling existing orders.

    b. Defendants are ordered to immediately cease marketing, promoting or advertising any product utilizing or integrating any Purple product, including but not limited to the Rest Bed™ incorporating the Purple Grid™. Any current marketing, promoting, or advertising utilizing Purple's intellectual property, including Purple's

name, brand, and the Marks, including use on Defendants' website and Google ads, must be withdrawn, removed, or corrected by no later than Monday, December 14th at 12:00 p.m. (Midnight) (EST).

    c.    Defendants are enjoined from making any statements concerning Purple, its name, its brand, or its Marks that implies any continuing relationship between the companies.  Defendants further are enjoined from making any statement to customers, or potential customers, stating or implying that Purple is the source of any delay or inability to fulfill Defendants' customer orders.

7.    In accordance with Rule 65(d)(2), this Order is binding on Defendants and their officers, agents, servants, employees, and attorneys, as well as persons who are in active concert or participation with Defendants and/or Defendants' officers, agents, servants, employees, and/or attorneys.

DATED this 24th day of December, 2020.

BY THE COURT

_____
ROBERT J. SHELBY
United States Chief District Judge

4