James E. Magleby (7247)
 magleby@mcg.law
Adam Alba (13128)
 alba@mcg.law
Yevgen Kovalov (16297)
 kovalov@mcg.law
**MAGLEBY CATAXINOS & GREENWOOD, PC**
141 W. Pierpont Avenue
Salt Lake City, Utah 84101-3605
Telephone: 801.359.9000
Facsimile: 801.359.9011

Attorneys for Plaintiff Purple Innovation, LLC

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **PURPLE INNOVATION, LLC,** | **PURPLE INNOVATION, LLC'S MOTION TO CONFIRM ARBITRATION AWARD AND ENTER JUDGMENT** |
| **Plaintiff,** | |
| v. | |
| **RESPONSIVE SURFACE TECHNOLOGY, LLC, PATIENTECH, LLC, and ROBERT GOLDEN,** | |
| **Defendants, Counterclaim Plaintiffs, and Third-Party Plaintiffs,** | |
| v. | |
| **PURPLE INNOVATION, LLC, GARY DICAMILLO, ADAM GRAY, JOSEPH MEGIBOW, TERRY PEARCE, TONY PEARCE, and JOHN DOE NOS. 1-4,** | **Civil No.: 2:20-cv-708** |
| **Counterclaim Defendant and Third-Party Defendants.** | **Honorable Robert J. Shelby** |

Purple Innovation, LLC ("Purple"), through counsel MAGLEBY CATAXINOS & GREENWOOD, PC, moves the Court to Confirm the Final Arbitration Award, issued by the American Arbitration Association on March 8, 2024 ("Award") in favor of Purple and against Defendants Responsive Surface Technology, LLC ("ReST") and PatienTech LLC ("PatienTech") (collectively, "Defendants").

## RELIEF SOUGHT AND GROUNDS FOR THE RELIEF

Pursuant to the Federal Arbitration Act ("FAA") and the Utah Uniform Arbitration Act,[1] by this motion, Purple asks the Court to confirm the Award and enter judgment: (1) against ReST and PatienTech, jointly and severally, in the amount of $2,623,263.58, plus post-award interest of 5% per annum until paid in full; and (2) against ReST for the amount of $658,811.68, plus post-award interest of 5% per annum until paid in full.

## STATEMENT OF RELEVANT FACTS

### The Arbitration Agreement and the Court Pre-Arbitration Proceedings

1.      In January 2020, Purple and Defendants entered into an agreement styled Master Vendor Supply and Services Agreement ("MSA").  [MSA § 12.11, attached as Exhibit "1"]; [2021-08-31 Hearing Tr. (Excerpt) at 6, attached as Exhibit "2"].

2.      Section 12.11 of the MSA contains a dispute resolution provision requiring the parties to arbitrate with the American Arbitration Association ("AAA") "any controversy or claim arising out of or relating to" the MSA "or a breach thereof."  [MSA, § 12.11, Ex. 1]; [2021-08-31 Hearing Tr. (Excerpt) at 6-7, Ex. 2].

---

[1] *See* 9 U.S.C.A. §§ 6, 9; Utah Code Ann. § 78B-11-123.

3.      On June 30, 2020, Purple and ReST entered into an agreement styled Ad Spend Agreement.  [Ad Spend Agreement, attached as Exhibit "3"]; [2021-08-31 Hearing Tr. (Excerpt) at 7, Ex. 2].

4.      On October 13, 2020, Purple filed a complaint against Defendants in this Court.  [Complaint ECF No. 1]; [2021-08-31 Hearing Tr. (Excerpt) at 8, Ex. 2].

5.      In their pleadings, Defendants alleged that the parties also entered into a verbal agreement Defendants called a Supply Agreement ("Verbal Supply Agreement").  [2021-08-31 Hearing Tr. (Excerpt) at 7, Ex. 2].

6.      Defendants moved to compel arbitration.  [2021-08-31 Hearing Tr. (Excerpt) at 10, Ex. 2]; [2021-01-19 Motion to Compel Arbitration, ECF No. 111].

7.      On August 31, 2021, the Court granted Defendants' Motion to Compel Arbitration and ordered the parties to arbitrate, finding that "Purple's claims against the defendants and the defendants' claims against Purple must be submitted to arbitration." [2021-08-31 Hearing Tr. (Excerpt) at 35, Ex. 2].

8.      On October 1, 2021, the Court administratively closed the case but permitted the parties to apply to the Court for relief after the conclusion of the arbitration proceedings.  [Order Administratively Closing Case, ECF No. 196].

## Arbitration Proceedings

9.      Pursuant to the Court's order, the parties submitted their claims and counterclaims to the AAA.  [2021-09-01 Demand for Arbitration (without enclosures), attached as Exhibit "4"].

10.     Purple submitted the following claims to the arbitration: (1) breach of the MSA and breach of the implied covenants of good faith and fair dealing in the MSA against Defendants; (2) Lanham Act and common law trademark infringement against Defendants and Robert Golden ("Golden")[2]; (3) unfair competition, trade dress infringement, and false advertising under 15 U.S.C. § 1125 and common law unfair competition against Defendants and Golden; (4) deceptive trade practices under Utah Code section 13-11a-3 against Defendants and Golden; (6) patent infringement against Defendants and Golden; and (7) declaratory and injunctive relief against Defendants and Golden.  [2023-12-15 Interim Award, attached as Exhibit "5"].

11.     Defendants and Golden submitted the following claims to the arbitration: (1) breach of the Ad Spend Agreement; (2) breach of the Verbal Supply Agreement; (3) misappropriation of trade secrets under the federal Uniform Trade Secrets Act; (4) unjust enrichment; (5) tortious interference with contract; (6) fraud; (7) negligent misrepresentation; (8) unfair competition under the Utah Code.  [2023-12-15 Interim Award at 8-9, Ex. 5].

12.     During the arbitration, Golden falsified evidence and gave false testimony related to the Verbal Supply Agreement.  The Arbitrator relied on this falsified evidence in ruling on a potentially dispositive motion.   [2023-05-04 AAA Procedural Order No. 19 at 6, attached as Exhibit "6"]; [2023-06-29 Procedural Order No. 25, attached as Exhibit "7"].

---

[2] At all relevant times, Mr. Golden has been the CEO of ReST and PatienTech.  [*See* 2023-12-15 Interim Award at ¶ 3, Ex. 5].

13.     The Arbitrator sanctioned Golden, for falsifying evidence and giving false testimony, but refused to enter dispositive sanctions on claims not directly related to the falsified evidence.  [2023-06-29 Procedural Order No. 25 at 9-13, Ex. 7].

14.     The AAA arbitration proceeded and culminated in a 10-day hearing.  After the arbitration hearing, the Arbitrator issued an Interim Award on Liability and Damages ("Interim Award").  [2023-12-15 Interim Award, Ex. 5].

15.     Following the submissions of costs and attorney fees, the Arbitrator issued the final arbitration award, *i.e.*, the Award.  [Award at 23, attached as Exhibit "8"].

16.     The specific components of the Award are as follows:

|  | ReST | PatienTech |
|---|---|---|
| Revenue Share | $ 1,324,301.00 | $ 1,324,301.00 |
| Trademark | $ 230,119.00 | |
| Trade Dress | $ 434,363.00 | |
| Ad Spend to ReST | $ (5,670.32) | |
| Attorney Fees: | $ 912,022.50 | $ 912,022.50 |
| Costs: | $ 386,940.08 | $ 386,940.08 |
|  | $ 3,282,075.26 | $ 2,623,263.58 |

17.     The net result of the Award is thus as follows:  (1) ReST and PatienTech are jointly and severally liable to Purple for damages in the principal amount of $1,324,301, plus $1,298,962.58 in arbitration attorney fees and costs, or for a total of $2,623,263.58, plus post-award interest of 5% per annum until paid in full; and (2) ReST is liable to Purple for additional damages in the amount of $658,811.68, plus post-award interest of 5% per annum until paid in full.  [Award at 24, Ex. 8].

18.     Accordingly, Purple requests the Court enter judgment against ReST for $3,282,075.26 and PatienTech for $2,623,263.58.

19.     The Arbitrator refused to award Purple its fees and costs incurred during the pre-arbitration proceedings in this case because, according to the Arbitrator, the AAA rules do not allow the Arbitrator to do so and because this Court "is more familiar with the [federal] litigation and is in a better position" to determine whether Purple is entitled to fees and costs incurred in this case.[3]  [Award at 15-16, Ex. 8].

## ARGUMENT

### I.     PURPLE'S MOTION TO CONFIRM THE AWARD SHOULD BE SUMMARILY GRANTED

Both the FAA and the Utah Uniform Arbitration Act provide that a party to an arbitration proceeding may confirm the arbitration award through an application to the Court.  *See* 9 U.S.C.A. §§ 6, 9; Utah Code Ann. § 78B-11-123.  Upon confirmation of the award, the moving party is entitled to an entry of judgment.  *See* 9 U.S.C.A. § 13.

"[A]t any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court *must grant* such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title."  9 U.S.C.A. § 9 (emphasis added); *see Hall St. Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 587 (2008) ("[The] provision for judicial confirmation carries no hint of flexibility.  On application for an order confirming the arbitration award, the court 'must grant' the order . . . .").  "[C]onfirmation of an

---

[3] Purple will submit a request for these fees in due course.

arbitration award is a 'summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *Wallenberg v. PJUT, LLC*, No. 2:23-CV-00045-DBB, 2023 WL 8654162, at *1 (D. Utah Dec. 14, 2023) (quoting *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984)); *see Freeman v. Pittsburgh Glass Works, LLC*, 709 F.3d 240, 251 (3d Cir. 2013) (there is a "presumption that the award is enforceable").

Here, Purple and Defendants were parties to the Arbitration compelled by this Court.  The Arbitration resulted in a final award and the time for confirming the award has not expired.  As such, Purple is entitled to a summary confirmation of the Award, and entry of a Judgment against Defendants consistent with the Award.

## II.   THE COURT SHOULD CONFIRM THE AWARD BECAUSE ITS VALIDITY IS PRESUMED AND NO EXCEPTIONS APPLY TO PREVENT ITS CONFIRMATION

### A.   THE AWARD IS PRESUMED VALID

"Because the FAA establishes a strong presumption in favor of enforcing an arbitration award, and an award is presumed valid unless proved otherwise[.]" *Smarter Tools Inc. v. Chongqing SENCI Import & Export Trade Co., Ltd.*, 57 F.4th 372, 382 (2d Cir. 2023).  Where, as here, "[t]he Award's validity has not been challenged[,] . . . it is presumed valid*.*" *Compania de Inversiones Mercantiles S.A. v. Grupo Cementos de Chihuahua, S.A.B. de C.V.*, No. 1:15-CV-02120, 2019 WL 8223562, at *11 (D. Colo. Mar. 25, 2019*), aff'd*, 970 F.3d 1269 (10th Cir. 2020).  "[T]he confirmation of an arbitration award is a summary proceeding that merely makes what is already a final

arbitration award a judgment of the court, and thus an award need not actually be confirmed by a court to be valid." *Id*. (quotations omitted).

As such, including because the validity of the Award is presumed and the Award has not been challenged, the Court should confirm the Award and enter judgment in favor of Purple and against Defendants as set forth in the Award.

## B.    THE EXCEPTIONS OF SECTION 10 DO NOT APPLY

Though there are exceptions to a court's obligation to confirm an arbitration award, such exceptions are rarely applied.  *See* 9 U.S.C.A. § 9 ("the court *must grant* such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title") (emphasis added); *see also Brown v. Coleman Co., Inc.*, 220 F.3d 1180, 1182 (10th Cir. 2000) ("[T]he standard of review of arbitral awards is among the narrowest known to law.") (quotations omitted). Indeed, Courts "give extreme deference to the determinations of the [arbitrator]." *Id*. Courts also "exercis[e] great caution," *Ormsbee Dev. Co. v. Grace*, 668 F.2d 1140, 1147 (10th Cir. 1982), and vacate arbitration awards "only in extraordinary circumstances." *San Juan Coal Co. v. Int'l Union of Operating Eng'rs, Local 953*, 672 F.3d 1198, 1201 (10th Cir. 2012).  No exceptions to the FAA's mandate apply here.

Section 10 provides the following reasons for vacating an arbitration award:

(1) where the award was procured by corruption, fraud, or undue means;
(2) where there was evident partiality or corruption in the arbitrators, or either of them;
(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

>  (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C.A. § 10.

Reasons 1 through 3 above cannot apply to the AAA arbitration proceedings. The remaining reason under Section 10(a)(4) also does not apply. "[T]he court's inquiry under Section 10(a)(4) focuses on whether the arbitrators had the power, based on the parties' submissions or the arbitration agreement, to reach a certain issue, not whether the arbitrators correctly decided that issue." *Smarter Tools Inc.*, 57 F.4th at (quotation omitted); *see Abbott v. L. Off. of Patrick J. Mulligan*, 440 Fed. Appx. 612, 622–23 (10th Cir. 2011) (unpublished) ("If an arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, the fact that a court is convinced he committed serious error does not suffice to overturn his decision." (quotation omitted)).

Here, the Court has already determined that the AAA had the power to resolve Purple's claims and Defendants' counterclaims. [2021-08-31 Hearing Tr. (Excerpt) at 35, Ex. 2 ("Purple's claims against the defendants and the defendants' claims against Purple must be submitted to arbitration.").  Consequently, even ignoring the presumption of the validity of the Award, the Award is also valid because it was decided within the scope of the Arbitrator's power.

## C.   THE EXCEPTIONS OF SECTION 11 DO NOT APPLY

Section 11 of the FAA deals with the modification and correction of the arbitration awards, and includes the following grounds for the modification:

(a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.
(b) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.
(c) Where the award is imperfect in matter of form not affecting the merits of the controversy

9 U.S.C.A. § 11

As to Section 11(a), the Tenth Circuit has explained that "§ 11(a) allows district courts to correct only those evident material miscalculations of figures that appear on the face of the arbitration award." *Mid A. Capital Corp. v. Bien*, 956 F.3d 1182, 1204 (10th Cir. 2020). "District courts may not look beyond the face of the award when determining whether such an error exists." *Id*. There are no errors in the calculations.

Section 11(b) is similar to Section 10(a)(4), and it focuses on whether the arbitrator exceeded his or her authority. See *Kelley v. Michaels*, 59 F.3d 1050, 1053 (10th Cir. 1995). For the same reasons as with Section 10(a)(4), Section 11(b) does not apply here."[A]n award is modifiable under 9 U.S.C.A. § 11(c) when it 'suffers from a scrivener's error or that otherwise does not deliver on the arbitrator's stated purpose in granting relief." *Simpson & Brown Inc. v. Intl. Bhd. of Teamsters, Loc. No. 469*, No. 3:22-CV-879, 2023 WL 1997696, at *1 (D.N.J. Feb. 14, 2023) (quoting *Grain v. Trinity Health, Mercy Health Servs. Inc.*, 551 F.3d 374, 378 (6th Cir. 2008). In other wors, under Section 11(c), the Court may not disturb the merits of the arbitration award. *See U.S. Energy Corp. v. Nukem, Inc.*, 162 F.3d 1175 (10th Cir. 1998) ("A court may not modify or correct an award pursuant to § 11 if it would affect the merits of the controversy."); *Pri-Fit Worldwide Fitness, Inc. v. Flanders Corp.*, No. 2:00 CV 0985 G,

2006 WL 1073556, at *3 (D. Utah Apr. 20, 2006) (same).  Again, there are no calculation errors.

Here, there are no material miscalculations on the face of the Award and thus the exception of Section 11(a) does not apply.  For the same reasons the exception of Section 10(a)(4) does not apply, the exception of Section 11(b) do not apply, *i.e.*, there is no indication that the Arbitrator exceeded his power.  *See id*. ("so long as an arbitrator draws his decision from the parties' agreements, a reviewing court is generally precluded from disturbing the award" (quotation omitted); Section II(B), *supra*.  There are no scrivener's errors in the Award that could require a modification and thus the exception of Section 11(c) does not apply.  Regardless, Section 11(c) would not allow modification of the substance of the Award.

## CONCLUSION

Based on the foregoing, Purple requests the Court to confirm the Award and enter judgment against Defendants as provided in the Award.  Specifically, Purple requests the Court enter judgment in favor of Purple as follows:

(1) ReST and PatienTech, jointly and severally, for damages in the principal amount of $1,324,301, plus $1,298,962.58 in arbitration attorney fees and costs, for a total of $2,623,263.58, plus post-award interest of 5% per annum until paid in full; and

(2) ReST for additional damages in the amount of $658,811.68, plus post-award interest of 5% per annum until paid in full.

DATED this 22nd day of March 2024.

10

**MAGLEBY CATAXINOS & GREENWOOD, PC**

James E. Magleby
Adam Alba
Yevgen Kovalov
*Attorneys for Plaintiff Purple Innovation, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that I am employed by the law firm of MAGLEBY CATAXINOS &

GREENWOOD, PC, 141 W. Pierpont Avenue, Salt Lake City, Utah 84101, and that

pursuant to Rule 5(b), Federal Rules of Civil Procedure, a true and correct copy of the

foregoing **PURPLE INNOVATION, LLC'S MOTION TO CONFIRM ARBITRATION**

**AWARD AND ENTER JUDGMENT** was delivered to the following this 22nd day of

March 2024, by CM/ECF System and electronic mail.

Stephen P. Horvat
 shorvat@aklawfirm.com
Jacob W. Nelson
 jnelson@aklawfirm.com
**ANDERSON & KARRENBERG**
50 W. Broadway, Suite 600
Salt Lake City, Utah 84101


Attorneys for Responsive Surface
Technology, LLC; Patientech, LLC; and
Robert Golden

