```
 1                IN THE UNITED STATES DISTRICT COURT

 2             FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

 3

 4
     PURPLE INNOVATION, a         )
 5   Delaware limited liability   )
     company,                     )
 6                                )
             Plaintiff,           )
 7                                )
         vs.                      )  Case No:  2:20cv709RJS
 8                                )
     RESPONSIVE SURFACE           )
 9   TECHNOLOGY, a Delaware       )
     limited liability company,   )
10   et al.,                      )
                                  )
11           Defendants.          )
     _____
12

13

14

15

16

17
                 BEFORE THE HONORABLE ROBERT J. SHELBY
18
                           August 31, 2021
19
                      ZOOM ORAL RULING HEARING
20

21

22

23

24                         Reported by:
                   KELLY BROWN HICKEN, RPR, RMR
25                        801-521-7238
```

```
 1                        APPEARANCES OF COUNSEL
 2
 3    FOR PLAINTIFFS:          MAGLEBY CATAXINOS & GREENWOOD
 4                             BY:  JAMES E. MAGLEBY
 5                                  ADAM ALBA
 6                                  Attorneys at Law
 7                             170 SOUTH MAIN STREET, STE 1100
 8                             SALT LAKE CITY, UTAH
 9
10    FOR DEFENDANTS:          SNELL & WILMER
11                             BY:  TRACY FOWLER
12                                  Attorney at Law
13                             15 WEST SOUTH TEMPLE, STE 1200
14                             SALT LAKE CITY, UTAH
15
16
17
18
19
20
21
22
23
24
25
```

```
 1      the Consolidated First Amended Complaint Counterclaims and
 2      Third-Party Claims, that's a document, that's the name of it,
 3      on February 26th, 2012.  It's Docket 142.  The counterclaims
 4      are filed in the same document as the answer and defenses, and
 5      paragraphs from each section are numbered separately all
 6      beginning with Paragraph 1 in each section.  In other words,
 7      the document has three separate paragraphs bearing the number
 8      of Paragraph 1.
 9              For clarity, throughout my oral ruling, I will cite
10      to the portion of the filing that is at issue.  For example,
11      I'll refer to the answer portion of that document as the
12      answer at Paragraph X.  The counterclaim as the counterclaim
13      Paragraph X and the like, even though they're both part of the
14      same document, Document 142.
15              In January 2020 ReST and PatientTech entered into
16      an agreement with called Purple called Master Vendor Supply
17      and Services Agreement.  You have all referred to that as the
18      MSA.  Section 12.11 of the MSA pertains to alternative dispute
19      resolution and contains an arbitration provision.  I'm reading
20      here from the MSA.  It's Docket Number 19-1.
21              In relevant part Section 12.11 states, Subpart (a):
22      [redacted]
23      [redacted]
24      [redacted]
25      [redacted]
```

1
2
3
4
5
6           On June 30, 2020, the parties entered into an
7  additional agreement known as the Ad Spend Agreement.  And the
8  defendants allege that the parties later entered into a third
9  verbal agreement that the defendants called a Supply
10 Agreement.
11          With respect to the MSA, plaintiffs allege
12 defendants began to breach the agreement soon after the
13 contract was signed.  I'm citing here to the complaint at
14 Paragraph 7.  I guess I should have said Supply Agreement and
15 its references the allegations about that are found in the
16 counterclaim of Paragraph 8.  And I think I misstated it.  I
17 think the defendants contend and maintain that the Supply
18 Agreement was entered into around about the same time as the
19 Ad Spend Agreement.  On October 13, 2020, Purple filed suit
20 against ReST and PatientTech for breach of the MSA and
21 infringement of its intellectual property rights.
22          And I will refer to that complaint and that action
23 throughout this oral ruling as Purple I.  And I'm citing here
24 to Docket 1, the original complaint, and Docket 111, the
25 defendants' motion to compel arbitration.

1              Purple later amended its complaint to add Robert
2    Golden, cofounder and CEO of PatientTech and CEO of ReST, as
3    an additional defendant.  That's Docket 117.
4              On October 20, one week after filing its initial
5    complaint, ReST -- excuse me -- Purple invoked the alternative
6    dispute resolution provision in the MSA by sending Golden a
7    written demand for mediation.  I'm citing here the motion to
8    compel, Paragraph 4.  The next day, ReST filed a separate
9    complaint, a separate lawsuit that I'll refer to as Purple II,
10   naming as defendants Purple and several other board members
11   and officers who were not parties to the MSA.  I'm citing here
12   the opposition to the motion at Paragraph 6; also Docket 157,
13   the defendants' reply memorandum, at Paragraph 2.
14             In Purple II, ReST alleged that Purple breached the
15   Ad Spend Agreement and the Oral Supply Agreement.  Notably
16   ReST made no mention in its complaint of the MSA.
17             After receiving Purple's demand for mediation in
18   Purple I, the defendants agreed to mediate Purple's claims
19   pursuant to the MSA, and negotiations began.  I'm citing here
20   Paragraph 5 of the motion.  Over the next month or so, the
21   parties corresponded regarding the proposed mediation.  Much
22   of this is set out in the motion at Paragraph 5 and
23   Docket 139, the opposition, in Paragraphs 8 through 10.
24   Mediation discussions continued until Purple failed to respond
25   to a November 17, 2020, e-mail from defendants concerning the

                                                                8

1  location and cost arrangements for the mediation.  Citing the
2  motion at Paragraph 5, the opposition, Paragraphs 10 and 14.
3  And I'll note that we have the correspondence that you've all
4  submitted helpfully at Docket 111-4 Exhibit A to the
5  declaration of counsel.  That's the e-mail.
6              On November 20, 2020, Purple moved to consolidate
7  Purple II into this action, Purple I.  I granted that motion
8  by order dated January 22nd, 2021.  It's Docket 114.  Excuse
9  me.  That's the motion.  My order is Docket 120.  I found that
10 while the specific contracts at issue in the two cases were
11 alleged to be different that they all stem from Purple's
12 potential acquisition of ReST and share common questions of
13 fact and law.  Again, the order at Docket 120.  I'm reading
14 here from Page 5.
15             Between November 23rd and December 23rd, of 2020
16 while Purple's motion to consolidate was pending Purple filed
17 a number of other motions.  On November 23rd, Purple filed a
18 motion for temporary restraining order against the defendants,
19 which I later granted in part.  That's Docket 16 is the
20 motion, Docket 63, my order.
21             On December 2nd, Purple filed a motion to dismiss
22 certain of the claims in Purple II.  That's Docket Number 41
23 in the other case.  On December 21st, Purple filed a motion
24 for leave to amend its complaint at which the defendants did
25 not oppose.  That's motion Docket 76.  And on December 23rd,

1   Purple filed a motion for order to show cause related to
2   defendants' conduct respecting the temporary restraining order
3   that I entered.  That motion, Docket 77.
4              On multiple occasions while responding to Purple's
5   motions, defendants raised the arbitrability of the Purple I
6   claims under the dispute resolution provision in the MSA.  And
7   that's set out in the reply memorandum in Paragraphs 14
8   through 17.
9              Finally, during a hearing on January 6 of this
10  year, defendants notified Purple that more than 60 days had
11  now passed without reaching a settlement through mediation and
12  that the MSA now required arbitration.  I'm citing here the
13  motion at Paragraph 6 and the opposition Paragraphs 43 and 44.
14             Purple responded six days later on January 12
15  arguing that the defendants had waived their right to
16  arbitration by among other things filing the Purple II action.
17  And this is described in Docket 111-5, which are the January
18  e-mails; the motion at Paragraph 7 and the opposition,
19  Paragraph 45.
20             In addition, Purple argued that to the extent that
21  the Purple I claims were subject to arbitration, the Purple II
22  claims must now also be arbitrated, as well.  That's also set
23  out in the January e-mails, Docket 111-5.  Based on Purple's
24  refusal to submit to arbitration defendants filed the instant
25  motion on May 25.  As I said, this year we received oral

1    arbitrate.  And that leaves us with another question to
2    answer.
3             I'll now turn to the arbitrability of Purple's
4    claims and Purple's counterclaims.  Where the American
5    Arbitration Association or AAA, triple A rules, have been
6    incorporated into an agreement, arguments concerning the
7    arbitrability of a dispute must be submitted to the
8    arbitrator.  This is language from <u>Dish Network, LLC, vs. Ray</u>,
9    10th Circuit 2018.  Rule 7(a) of the AAA Commercial
10   Arbitration Rule state, quote:  The arbitrator shall have the
11   power to rule on his or her own jurisdiction, including any
12   objections with respect to the existence, scope or validity of
13   the arbitration agreement or to the arbitrability of any claim
14   or counterclaim, end quote.
15            But a party cannot be required to submit to
16   arbitration any dispute which it has not agreed to submit.
17   That's a quote from <u>Jacks vs. CMH Homes</u>, 10th Circuit 2017.
18   In their briefs the parties agreed that if the court orders
19   arbitration it should do so for all claims in the consolidated
20   action, which includes both Purple's claims and the
21   defendants' counterclaims.  This was discussed in the
22   opposition at Page 20 and in the reply at Page 3 Footnote 2.
23            But during oral argument I asked the parties to
24   submit supplemental brief about the applicability of the
25   motion to compel arbitration to the claims against the

35

```
1    STATE OF UTAH          )
2                           ) ss.
3    COUNTY OF SALT LAKE    )
4               I, KELLY BROWN HICKEN, do hereby certify that I am
5    a certified court reporter for the State of Utah;
6               That as such reporter, I attended the hearing of
7    the foregoing matter on August 31, 2021, and thereat reported
8    in Stenotype all of the testimony and proceedings had, and
9    caused said notes to be transcribed into typewriting; and the
10   foregoing pages number from 3 through 39 constitute a full,
11   true and correct report of the same.
12              That I am not of kin to any of the parties and have
13   no interest in the outcome of the matter;
14              And hereby set my hand and seal, this ____ day of
15   _____ 2021.
16
17
18
19
20                            _____
                                KELLY BROWN HICKEN, CSR, RPR, RMR
21
22
23
24
25
```