**AMERICAN ARBITRATION ASSOCIATION**
**Case No. 01-21-0016-3751**

| | |
|---|---|
| PURPLE INNOVATION, LLC, | ) |
| | ) |
|     Claimant and Cross-Respondent, | ) |
| | ) |
|     vs. | ) |
| | ) |
| RESPONSIVE SURFACE TECHNOLOGY, | ) |
| LLC; PATIENTECH, LLC; and ROBERT | ) |
| GOLDEN, | ) |
| | ) |
|     Respondents and Counterclaimants. | ) |
| | ) |
| _____ | ) |

**PROCEDURAL ORDER NO. 19**
**(Purple's Requests for Leave to File Dispositive Motions)**

1.      This Order addresses the requests that Claimant Purple Innovation, LLC ("**Claimant**" or "**Purple**") submitted on April 24, 2023, for leave to file summary judgment motions on four different subjects ("**Purple's Rule 33 Requests**").  I have reviewed Purple's Rule 33 Requests and proposed summary judgment motions.  I have also reviewed the Opposition to Motions for Leave to File Motions for Summary Judgment ("**Respondents' Opposition**") that Respondents and Counterclaimants Responsive Surface Technology, LLC, PatienTech, LLC, and Robert Golden ("**Respondents**" or "**ReST**") submitted on May 2, 2023

2.      I deny Purple's requests for the reasons set forth below.  I emphasize that my rulings are limited solely to the threshold issue of whether to grant leave to file summary judgment motions.  While the merits of the summary judgment motions have some relevance (in particular, with regard to whether Purple is likely to prevail), I am not making a final decision on the merits.  Thus, any comments on the merits are preliminary and may be revised later.

**A.      The Standard for Leave to File Dispositive Motions**

3.      This arbitration is governed by the 2013 version of the Commercial Arbitration Rules of the American Arbitration Association (the "**AAA Rules**"), which was the version in effect when this arbitration was filed in September 2021.  Rule 33 of the AAA states: "An arbitrator may allow the filing of and make rulings upon a dispositive motion only if the arbitrator determines that the moving party has shown that the motion is likely to succeed and dispose of or narrow the issues in the case."

1

4.    The Rule 33 was expanded by the September 1, 2022 amendments to the AAA Rules, which added the following new clause:  "Consistent with the goal of achieving an efficient and economical resolution of the dispute, the arbitrator shall consider the time and cost associated with the briefing of a dispositive motion in deciding whether to allow any such motion."  (2022 AAA Commercial Arbitration Rules, R-34(b).)  That clause was added after this arbitration was filed, but I consider it to be implicit in the prior version of Rule 33.  Indeed, the 2013 version of the AAA Rules referred to the "fair, efficient, and economical resolution" of the dispute in several other rules.  (*See* AAA Rules, R-21, R-22, R-27.)

5.     Thus, in ruling on Purple's Rule 33 requests, I will consider (a) whether Purple has shown that it is likely to prevail on its proposed summary judgment motions; (b) whether Purple has shown that those motions are likely to dispose of or narrow the issues in this case; and (c) whether allowing those motions to be filed and fully briefed will promote the efficient and economical resolution of this dispute, in view of the associated time and cost and other factors.

**B.    The Parties' Overall Positions**

6.    Purple contends that it is likely to prevail on its proposed summary judgment motions, and that those motions are likely to dispose of all or many of the claims, counterclaims, and issues in this case.  Purple asserts that summary judgment is appropriate because its motions involve issues of law and there is no genuine dispute as to any material fact.

7.    Respondents assert that Purple is not likely to prevail because its summary judgment motions raise disputed factual issues and are based on incorrect legal and factual assumptions.  Respondents also assert that Purple is "essentially seeking to have the entire case pre-tried in writing," which would "defeat the primary purpose of arbitration, which is to deliver an 'efficient and economical resolution of the dispute.'"  (Respondents' Opposition at 2.)

8.    The positions of Purple and Respondents (collectively, the "**Parties**") are discussed in more detail in connection with each summary judgment motion.

**C.    Summary Judgment Dismissal of Claims Based on Failure** ▮▮▮▮

9.    Purple seeks leave to file a motion for summary judgment on Respondents' claims and damage theories that depend on the assumption that Purple had a contractual obligation ▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  In particular, Purple seeks dismissal of (1) Respondents' damage theories based on "lost company market value" and "opportunity cost of failure to effect transaction"; and (2) Respondents' counterclaims for fraud, negligent

2

misrepresentation, and promissory estoppel.  Purple asserts that Respondents cannot pursue those damage theories and claims as a matter of law because the Master Supply Agreement ("**MSA**") explicitly states ███████████████████████████████████████████████████████
███████████

███████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████ Indeed, I noted this point in Procedural Order No. 8.

12.    However, I also agree with Respondents that Purple has not shown that the challenged damages theories and counterclaims depend solely on the assumption that Purple had a binding obligation ████████████████████████.  I address the damage theories first and then discuss the counterclaims.

   **1.  Damage theories based on failure ████████████**

13.    As Purple has noted, some of Respondents' statements do suggest that they seek damages based on ████████████████████████████████████████████
███████████████████     For example, Respondents ████████████████████████
█████████████████████████████████████████████████████
(Respondents' February 11, 2022 Initial Disclosures ("**Initial Disclosures**") at 6, Section C.e.).

14.    Some of Respondents' other statements, however, suggest distinct theories of damages.  For example, the same sentence of the Initial Disclosures quoted above refers to breaches of the Supply and Ad Spend Agreements, which are separate agreements that may support other types of damages.  Further, Respondents' March 4, 2022 summary of damages claims $11.9 million in ████████████████████████████████████████
██████████     "Opportunity Cost" is not defined, but may refer to payments that Respondents
─────────────────────────
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
████████████ is not relevant to the Rule 33 Requests, so I express no view on this issue now.

3

████████████████████████████████████████████████████████████
████████████████████████

15.    In addition, Respondents expressly assert in their Opposition that they seek
"reliance damages," and not any damages "based on obligations arising from the MSA."
(Respondents' Opposition at 3.)  While not defined, "reliance damages" are generally distinct
from "expectation" damages, which include benefits that would have been received if the
contract had been full performed, ████████████████████████████████████████████
████████████████████████

16.    Respondents further assert that that any attack on damages is premature, because
this will be the subject of expert reports, which are not due until May 12, 2023.  I agree.  If
Respondents' expert reports confirm that Respondents are seeking reliance damages only and are
not seeking expectation damages based on the price that Purple ████████████████████
████████████████████  that would remove any need for a dispositive motion.

17.    Given the above points, I find that Purple has not demonstrated that it will likely
prevail on its argument that some of Respondents' damage theories depend solely on the
████████████████████  would have been completed.  Accordingly, Purple's request for
leave to file a dispositive motion seeking to dismiss damage theories based ████████████
████  is denied, without prejudice to Purple seeking such leave if expert reports and depositions
clearly establish that Respondents are seeking expectation (and not reliance) damages based on
████████████████

## 2.    Fraud, negligent misrepresentation, and promissory estoppel counterclaims

18.    Purple asserts that Respondents' counterclaims for fraud, negligent
misrepresentation, and promissory estoppel should be dismissed because they are based on an
alleged false representation ██████████████████████████.  Purple asserts that
Respondents cannot show that they reasonably relied on any such representation because
Respondents knew that Purple had no obligation ████████████████████.

19.    Respondents contend that they are not relying on an obligation ████████████
████████  Rather, they rely on statements that Purple made during the seven months after the
MSA was signed, which go to matters outside of the MSA, such as the marketing of ReST beds
with Purple gids.  Respondents assert that they would not have devoted so much time and money
to the Purple-gridded ReST bed if Purple had not ██████████████████████████
████████████████████████████████  Purple would continue to supply grids to ReST

4

even ███████████████████████████. Respondents also assert that reasonable reliance is an issue of fact not appropriate for summary judgment.

20.   I find that Respondents have made a prima facie showing that their fraud, negligent misrepresentation, and promissory estoppel counterclaims are not based solely on the premise ██████████████████████████████████.

21.   Purple also argues that Respondents' counterclaim must be dismissed as a matter of law because it is barred by the Utah economic loss doctrine, which precludes tort claims that are identical to a breach of contract claim.  I find that Purple has not shown that it will likely prevail on this argument. The Utah case cited by Purple held that the economic loss doctrine may apply to a claim for fraudulent inducement, but only when the fraudulent inducement claim "overlaps completely—in the sense that the alleged fraudulent inducement is also a breadth of a warranty in the contract."  *HealthBanc Int'l, LLC v. Synergy Worldwide, Inc.*, 2018 UT 61, ¶ 14.

22.   This case does not involve "completely" overlapping claims for fraudulent inducement and breach of contract.  Indeed, Respondents' March 27, 2023 Statement of Amended Counterclaims does not include a claim for breach of the MSA.  Respondents did seek leave to add a claim for breach of the MSA, but that claim was based solely on the mediation clause ████████████████████████████████. (*See* Procedural Order No. 8, ¶¶ 11-13.)  Respondents' tort claims have nothing to do with the mediation clause.

23.   Finally, Purple argues that Respondents cannot present clear and convincing evidence that Purple made false promises of future action that they had no present intent to perform.  I find that this argument raises factual issues that are not appropriate for resolution on summary judgment.

**D.   Summary Judgment Dismissal of Claims Based on Verbal Supply Agreement**

24.   Purple seeks leave to file a motion for summary judgment on Respondents' counterclaim for breach of an alleged Supply Agreement on three separate grounds (1) the claim is barred by the Utah Statute of Frauds, which requires a document "signed by the party to be charged" to enforce an agreement that cannot be performed within one year; (2) "no reasonable jury" could find that the Parties entered into a Supply Agreement; and (3) any such agreement was voided by ReST.  I discuss each of these grounds below.

### 1.   Statute of Frauds

25.   Respondents agree that the Statute of Frauds presents "a discrete legal issue that could be the subject of a summary judgment motion."  Respondents assert, however, that Purple relies on the wrong Statute of Frauds.  Respondents contend that the Supply Agreement involves the sale of goods, so the correct Statute of Frauds is provided by the Utah Uniform Commercial Code ("**UCC**"), Section 2-201(a).

26.   Respondents note that while UCC § 2-201(a) requires an agreement, note, or memorandum "signed by the party to be charged," § 2-201(b) states that this requirement is met "between merchants" if "within a reasonable time a writing in confirmation of the contract and sufficient against the sender is received and the party receiving it has reason to know its contents…, unless written notice of objection to its contents is given with 10 days after it is received."  Respondents assert that the Parties are "merchants," and that the email that Respondents allegedly sent to Purple in March 2020 satisfies this alternative requirement.

27.   I find that Respondents have made a prima facie showing that the Statute of Frauds does not bar their claim for breach of the alleged Supply Agreement, so Purple has not shown that it is likely to defeat this claim based on the Statute of Frauds.

### 2.   Sufficiency of Evidence

28.   Purple argues that "no reasonable jury" could find that the Parties entered into a Supply Agreement.  I find that Purple has provided reasons to question whether the Parties entered into such an agreement.  I also find, however, that whether such an agreement was entered involves issues of fact and credibility that are not appropriate for summary judgment. Rather, this dispute should be resolved after the Parties have an opportunity to present evidence at the merits hearing and the witnesses are subject to direct and cross-examination.

### 3.   Voiding of Supply Agreement

29.   Finally, Purple argues that any Supply Agreement was "voided" because Respondents rejected it or made a counteroffer.  I find that this argument is not appropriate for summary judgment because it raises factual issues that should be decided after all evidence is presented at the merits hearing.  I also note that while a counteroffer may constitute a rejection of a prior offer that voids the offer, Purple has not shown that a counteroffer would void an agreement that was previously made.

6

### E.    Summary Judgment Regarding Revenue Share Payments

30.    Purple seeks leave to file a summary judgment motion on its claim that Respondents failed to make the ████████████████ required by the MSA.  Purple contends it is likely to prevail on this motion because the MSA imposed a clear and unambiguous obligation ███████████████████.  Purple also assert that Respondents indisputably failed to remit ████████████████████████  ████████  Purple notes that the Parties discussed the possibility of modifying the timing of such payments, but contends that there was no "meeting of the minds."

31.    Respondents do not dispute that the MSA required them ████████████  ████████  Respondents contend, however, that the Parties agreed to modify that obligation after the MSA was entered.  I find that whether the Parties agreed to such a modifications raises factual issues that are not appropriate for summary judgment.

### F.    Summary Judgment Dismissal of Damages Theories

32.    Purple seeks leave to file a summary judgment motion on all nine damage theories in Respondents' damages summary of March 4, 2022.  Purple contends that the testimony of Respondents' Rule 30(b)(6) designee, Robert Golden, shows that Respondents' damages theories are speculative, lack sufficient factual support, and are defective for a number of other reasons.  Purple argues that Respondents are bound by the testimony of their Rule 30(b)(6) designee and cannot overcome the defects in his testimony by a later expert report on damages.

33.    Respondents acknowledge that Mr. Golden "did not provide the level of detail that would be expected from an expert witness testifying at trial," but assert that his testimony was sufficient under Rule 30(b)(6).  (Respondents' Opposition at 9.)  Respondents contend that Purple cannot reasonably argue that Mr. Golden's testimony was insufficient, given that Purple asserted that damages involves "expert opinion that is not properly the subject of a Rule 30(b)(6) deposition."  While Purple designated a Rule 30(b)(6) witness on damages, Purple asserted that his testimony was "preliminary" and "without prejudice to its rights to identify and support its damages through expert disclosures and testimony."  (*Id.* at 10-11.)

34.    Respondents further assert that Purple's attacks on Respondents' damages are premature because this will be the subject of expert testimony, and initial expert reports will not be exchanged until May 12.

35.     I find that a summary judgment motion on damages would be premature because expert discovery has not begun, and Mr. Golden's Rule 30(b)(6) testimony is not the "last word" on this subject.  Indeed, Purple agreed to provide Rule 30(b)(6) testimony about damages on the condition that this was preliminary and subject to later expert testimony.

36.     Purple has made some points about Mr. Golden's 30(b)(6) testimony that warrant further consideration at the appropriate time, such as that Mr. Golden was not able to cite any evidence to support certain points.  I find, however, that it would not promote the efficient resolution of this dispute to allow full-fledged briefing of a summary judgment motion on damages, especially since expert reports have not yet been exchanged.  Of course, if expert reports rely on evidence that has not already been produced, that evidence should be produced promptly, and by no later than the date the expert reports are exchanged.

37.     Purple's request for leave to file a summary judgment motion on damages is denied, without prejudice to Purple renewing its request after expert discovery is completed.  I emphasize, however, that any renewed request should be limited to clearcut legal issues that do not involve the sufficiency or credibility of evidence.

### G.     Conclusion

38.     For the reasons set forth above, I deny Purple's requests to submit summary judgment motions on four different subjects because Purple has not shown that it is likely to prevail or that considering summary judgment motions now will promote the efficient resolution of this dispute.  Most of Purple's arguments raise factual issues that are not appropriate for summary judgment.  The Statute of Frauds might involve a discrete legal issue, but Respondents have made a prima facie showing that the correct Statute of Frauds is provided by the UCC, and that the writing requirement of the UCC may have been met.  Further, Purple's attacks on damage theories are premature, given that expert discovery has not begun.

39.     As to efficiency, I note that Purple's proposed summary judgment motions include nearly 90 pages of argument on numerous issues and that Purple has submitted a large number of supporting exhibits and legal authorities.  I have already spent substantial time reviewing the moving and opposing papers on Purple's Rule 33 Requests.[2]  Full briefing of the summary

---

[2]  More generally, I note that I have spent substantially more time on prehearing matters than originally estimated, due to the large number of motions and other issues, which have resulted in 19 procedural orders.  I believe that the remaining deposit will likely cover work until the merits hearing begins, but will likely need to request an additional deposit to cover work through the two-week merits hearing and issuance of the Final Award.

judgment motions would require a much larger amount of time to be spent by the Parties and me on motions that are not likely to avoid the need for the final merits hearing.

40.     The denial of Purple's Rule 33 Requests is without prejudice to Purple renewing its requests on ███████████████████ damages and other damage theories after expert discovery is completed.  Purple, however, should not file a renewed request unless expert discovery clearly establishes that Respondents' damage claims fail as a matter of law, without any need to weigh the evidence.

41.     Finally, I reiterate that any comments on the merits are preliminary only and may be revised after considering all evidence and argument presented at the merits hearing.  Thus, any ruling that Purple has not shown that it is likely to prevail on certain issues does not necessarily mean that Purple will not eventually prevail.  Similarly, any finding that Respondents have presented certain claims or damage theories does not necessarily mean that they will prevail on those claims and damage theories.  The only issue that I decide at this time is that Purple has not met the standard for leave to file dispositive motions under Rule 33.

Date: May 4, 2023

Grant L. Kim, Arbitrator

9