Stephen P. Horvat (#6249)
**ANDERSON & KARRENBERG**
50 West Broadway, Suite 600
Salt Lake City, Utah 84101-2035
Telephone: (801) 534-1700
shorvat@aklawfirm.com
jnelson@aklawfirm.com

*Attorneys for Defendants Responsive Surface Technology, LLC, Patientech, LLC and Robert Golden*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PURPLE INNOVATION, LLC,<br><br>Plaintiff,<br><br>v.<br><br>RESPONSIVE SURFACE TECHNOLOGY, LLC; PATIENTECH, LLC; ROBERT GOLDEN; et al.<br><br>Defendants. | **MOTION FOR ENLARGEMENT OF TIME**<br><br><br>**Case No. 2:20-cv-00708-RJS-CMR**<br>**Judge Robert J. Shelby**<br>**Magistrate Cecilia M. Romero** |

## INTRODUCTION

Defendants hereby move the Court, pursuant to Rule 6(b)(1)(A), for an order enlarging the time for Defendants to respond to Plaintiff's Motion to Confirm Arbitration Award and Enter Judgment (ECF 203). Defendants seek 14 extra days: The current deadline is April 5, and Defendants ask for an extension until April 19.

Plaintiff does not consent to the request; Plaintiff indicated that it was willing to agree to an extension upon certain conditions, but at present Defendants are unable to agree to Plaintiff's proposed conditions.

1

## ARGUMENT

Rule 6 allows the Court to enlarge the time to file responses or take other actions "for good cause." Fed. R. Civ. P. 6(b)(1)(A). Where the request is made before the original time or extension expires, the Court may act "with or without motion or notice." *Id.* As noted above, the original time to respond to the Motion to Confirm has not expired. The Motion was filed on March 22, so the response is due on April 5.

Good cause exists for the brief extension. The arbitration award in Plaintiff's favor must be confirmed unless Defendants present grounds to vacate at least a substantial portion of the award under 9 U.S.C. § 10(a)(4). Defendants recognize that motions to vacate or modify are not routinely granted; as such, Defendants need to ensure that their response (which will be accompanied by a Motion to Vacate or Modify) is presented carefully, in sufficient detail, and backed by competent legal research.[1] Most of the legal research in this matter has been done by the undersigned's associate, Joseph Moxon. Mr. Moxon is on vacation this week. Mr. Horvat has a complicated dispositive motion due in an oil and gas case this coming Monday, a deadline that has already been extended once. (In addition to other filings and disclosures due this week.) It is very unlikely that we would be able to present our arguments properly if required to file by this Friday.

---

[1] While we do not wish to pre-argue the merits of the Motion to Confirm or anticipated Motion to Vacate, we can represent to the Court that we firmly believe that among other things, the Arbitrator exceeded his powers by granting over $1 million in attorney fees and costs to the prevailing party when the parties had expressly agreed that "Utah law will be applied substantively to the arbitration," which both parties understood and agreed meant that attorney fees would be governed by the American Rule and only awarded if allowed by contract or statute. The Motion thus presents substantial issues that require full briefing.

Defendants have acted promptly in seeking this extension. The Motion to Confirm was filed on Friday evening, March 22. On the morning of Monday, March 25, Defendants asked Plaintiff to agree to a two-week extension. Plaintiff responded that it would agree on certain conditions. On Tuesday, March 26, Defendants' counsel discussed the matter with Defendants' representative. On Thursday, March 28[2], Defendants informed Plaintiff that Defendants could be amenable to part of Plaintiff's proposed conditions if the parties could agree on the language. Plaintiff gave Defendants the proposed stipulation on the morning of Monday, April 1. This motion is being filed the same day.

Defendants respectfully submit that Plaintiff will not be prejudiced by the requested short extension. This case has been pending for years, and it will take substantial time to resolve Defendants' Motion to Vacate either way. (Defendants believe that it is unlikely that Judge Shelby would act on the motion without scheduling a hearing.)

## **CONCLUSION**

Defendants therefore respectfully request that they be allowed until April 19, 2024, to file their response to Plaintiff's Motion to Confirm Arbitration Award and Enter Judgment.

---

[2] The two-day delay from Tuesday March 26 to Thursday March 28 was my fault (Stephen Horvat). I drafted an email to opposing counsel on Tuesday and believed I had sent it, and when they didn't respond by Thursday at noon I checked my Sent Items and saw that I had not actually sent it.

DATED this 1st day of April, 2024

**ANDERSON & KARRENBERG**

*/s/ Stephen P. Horvat*
Stephen P. Horvat
*Attorneys for Defendants Responsive Surface Technology, LLC, PatienTech, LLC, and Robert Golden*