Stephen P. Horvat (#6249)
Joseph W. Moxon (#17281)
**ANDERSON & KARRENBERG**
50 West Broadway, Suite 600
Salt Lake City, Utah 84101-2035
Telephone: (801) 534-1700
shorvat@aklawfirm.com
jmoxon@aklawfirm.com

*Attorneys for Defendants Responsive Surface Technology, LLC, PatienTech, LLC and Robert Golden*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PURPLE INNOVATION, LLC,<br><br>Plaintiff,<br><br>v.<br><br>RESPONSIVE SURFACE TECHNOLOGY, LLC; PATIENTECH, LLC; ROBERT GOLDEN; et al.<br><br>Defendants. | **OPPOSITION TO PLAINTIFF'S MOTION TO CONFIRM ARBITRATION AWARD AND ENTER JUDGMENT**<br><br><br>**Case No. 2:20-cv-00708-RJS-CMR**<br>**Judge Robert J. Shelby**<br>**Magistrate Cecilia M. Romero** |

### INTRODUCTION and RELIEF REQUESTED

Defendants Responsive Surface Technology, LLC, and PatienTech, LLC, ask the Court to deny Plaintiff's Motion to Confirm Arbitration Award and Enter Judgment. (ECF 203.) Defendants submit that the Award cannot be confirmed because grounds exist to vacate, modify, or correct substantial portions of the Award under the Federal Arbitration Act.

## ARGUMENT[1]

As Purple acknowledges in its motion, the Federal Arbitration Act provides that if grounds exist to vacate, modify, or correct an arbitration award, then the award should not be confirmed. 9 U.S.C. § 9. In this case, such grounds exist.

First, grounds exist to vacate, modify, or correct the Final Award to the extent it awards attorney fees and non-taxable costs to Purple. The Arbitrator purported to award the fees and costs under Rule 47 of the AAA Commercial Arbitration Rules. However, the parties expressly agreed and mutually understood that all substantive matters pertaining to arbitration would be governed by Utah law. The AAA Rules applied only to "arbitration procedures":

> **By agreement of the Parties** and Order of the Arbitrator, the following is now in effect:
>
> 1. **Applicable Law**: The Federal arbitration statute/act will apply in the Arbitration and Utah law will be applied substantively to the arbitration.
>
> 2. **Arbitration Procedures and Place of Arbitration**: Arbitration procedures will be governed by the AAA Rules and the procedural orders and other directions issued by the Arbitrator. The place and legal seat of the arbitration is the area of Lehi, Utah.

(Procedural Order 1, filed as Exhibit 35 to the Appendix of Exhibits to Defendants' Motion to Vacate, Modify, or Correct Arbitration Award.)

The right to attorney fees is a matter of substantive law, not procedure. *See, e.g., Barberry Lane 8 v. Cottonwood Residential*, 2021 UT 15, 493 P.3d 580, ¶¶ 29-30. And both parties knew that they had not agreed to prevailing party attorney fees, as shown by Purple's own filings in the case. Accordingly, this portion of the Award should be vacated under Section 10(a)(4) (exceeding arbitrator powers) or Section 10(a)(2) (manifest disregard of the law), and/or corrected under

---

[1] Pursuant to Local Rule DUCivR 7-1(a)(3), Defendants incorporate herein the Statement of Facts in their Motion to Vacate Arbitration Award, filed contemporaneously herewith.

Section 11(b) (ruling on a matter not submitted). Moreover, the Arbitrator's refusal to allow provides grounds for vacation under Section 10(a)(3).

The Final Award also grants Purple $662,000 in damages against Defendant ReST for alleged trade dress infringement. This portion of the Award is so baseless that it justifies vacation under Section 10(a)(2).

These arguments and the facts upon which they are based, are set forth in more detail in Defendants' Motion to Vacate, Modify, or Correct Arbitration Award, filed concurrently herewith. Pursuant to Local Rule DUCivR 7-1(a)(3), Defendants incorporate herein the Motion, along with the contemporaneously filed Appendix of Exhibits and Declaration of Stephen P. Horvat.

## CONCLUSION

Defendants firmly believe that the entire Award is inappropriate and reflects a miscarriage of justice, but at the least, compelling grounds exist to vacate, modify, and/or correct the portions of the Award granting Purple trade dress damages and attorney fees and non-taxable costs. Defendants therefore request that the Court deny Purple's Motion to Confirm Arbitration Award and Enter Judgment.

DATED this 19th day of April, 2024

                **ANDERSON & KARRENBERG**

                */s/ Stephen P. Horvat*
                Stephen P. Horvat
                Joseph W. Moxon
                *Attorneys for Defendants Responsive Surface Technology, LLC, PatienTech, LLC, and Robert Golden*