James E. Magleby (7247)
 magleby@mcg.law
Adam Alba (13128)
 alba@mcg.law
Yevgen Kovalov (16297)
 kovalov@mcg.law
**MAGLEBY CATAXINOS & GREENWOOD, PC**
141 W. Pierpont Avenue
Salt Lake City, Utah 84101-3605
Telephone: 801.359.9000
Facsimile: 801.359.9011

Attorneys for Plaintiff Purple Innovation, LLC

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **PURPLE INNOVATION, LLC,**<br><br>    **Plaintiff,**<br><br>**v.**<br><br>**RESPONSIVE SURFACE TECHNOLOGY, LLC, PATIENTECH, LLC, and ROBERT GOLDEN,**<br><br>    **Defendants, Counterclaim Plaintiffs, and Third-Party Plaintiffs,**<br><br>**v.**<br><br>**PURPLE INNOVATION, LLC, GARY DICAMILLO, ADAM GRAY, JOSEPH MEGIBOW, TERRY PEARCE, TONY PEARCE, and JOHN DOE NOS. 1-4,**<br><br>    **Counterclaim Defendant and Third-Party Defendants.** | **REPLY IN SUPPORT OF MOTION TO CONFIRM ARBITRATION AWARD**<br><br><br><br><br><br><br><br><br><br><br>**Civil No.: 2:20-cv-708**<br><br>**Consolidated No. 2:20-cv-727**<br><br>**Honorable Robert J. Shelby**<br><br>**Magistrate Judge Cecilia M. Romero** |

Purple Innovation, LLC ("Purple"), through counsel MAGLEBY CATAXINOS & GREENWOOD, PC, submits this Reply in Support of Motion to Confirm Arbitration Award ("Reply").

## INTRODUCTION

Responsive Surface Technology, LLC ("ReST") and PatienTech LLC ("PatienTech") (collectively, "Defendants" or "ReST") demanded that this dispute be arbitrated. After the Court granted that request, the case was referred for resolution to the American Arbitration Association ("AAA"). The parties conducted discovery and had an opportunity to present their arguments and evidence during a ten-day arbitration hearing before an eminently qualified arbitrator, which was followed by extensive post-hearing briefing and additional hearings. ReST cannot complain that the arbitration process was unfair or unjust.

The AAA hearing resulted in a final arbitration award. Purple moved to confirm the award ("Motion to Confirm"). [ECF No. 203]. ReST filed its opposition to Purple's Motion to Confirm ("Opposition"), [ECF No. 223], and simultaneously filed its motion to vacate the arbitration award ("Motion to Vacate") [ECF No. 224]

ReST incorporated its Motion to Vacate into the Opposition. [*See* Opposition at 2, 3, and n.1]. Consequently, Purple incorporates herein its Opposition to Motion to Vacate Arbitration Award. Additionally, Purple briefly addresses two points raised in ReST's Opposition—Purple's entitlement to attorneys' fees and costs, and the basis for trade dress infringement.

**ARGUMENT**

**I.     THE ARBITRATOR CORRECTLY AWARDED ATTORNEY FEES TO PURPLE**

> A district court does not sit to hear claims of factual or legal error by an arbitrator as if it were an appellate court reviewing a lower court's decision. Generally, **maximum deference** is owed to the arbitrators because the parties have contracted to use binding arbitration rather than litigation as a means to resolve their disputes.  Thus, arbitral awards must be confirmed even in the face of errors in an arbitration panel's factual findings, or its interpretation and application of the law.

*Vendavo, Inc. v. Koury*, No. 20-CV-00850-CMA-NYW, 2022 WL 1037493, at *2 (D. Colo. Mar. 18, 2022) (quotations and citations omitted) (emphasis added).

ReST argues that because attorney fees represent a matter of substantive law and the AAA Rules are the procedural rules, the rule could not be a basis for the award of attorney fees.  However, the Arbitrator has neither manifestly disregarded the law nor exceeded his authority.  As set forth in Purple's opposition to ReST's motion to vacate, the parties broadly incorporated the AAA Commercial Rules into their agreement, and those rules provides that if both parties requested attorney fees – as happened in this case – then the Arbitrator has power to award fees.  [*See* Final Award at 9-14, ECF No. 203-8]; *cf. Belnap v. Iasis Healthcare*, 844 F.3d 1272, 1282 (10th Cir. 2017) (discussing a broad incorporation of the arbitration rules in the arbitration agreements); *Com. Refrigeration, Inc. v. Layton Const. Co., Inc.*, 319 F. Supp. 2d 1267, 1269 (D. Utah 2004) ("[A]n arbitrator's erroneous interpretations or applications of law are not reversible." (quoting *ARW Expl. Corp. v. Aguirre*, 45 F.3d 1455, 1463 (10th Cir. 1995))); *Hicks v. Cadle Co.*, 355 Fed. Appx. 186, 195 (10th Cir. 2009)(unpublished) ("We have held consistently that we may vacate an arbitration award only under the limited

2

circumstances set forth in the FAA, 9 U.S.C. § 10, or under certain judicially-created exceptions, such as an arbitrator's manifest disregard for the law or for a violation of public policy.").

Additionally, ReST's argument that substantive Utah law does not permit attorney fees is misplaced.  Utah law allows recovery of attorney fees pursuant to the parties' agreement.  *See Faust v. KAI Techs., Inc.*, 15 P.3d 1266, 1269 (Utah 2000) (In Utah, "attorney fees are . . . recoverable by a prevailing party . . . [if] authorized by . . . contract.").  Here, the parties broadly incorporated the AAA Rules into their agreement.  Of course, the Arbitrator had the authority to interpret the parties' agreement and decide factual and legal issues related to the interpretation of the parties' agreement, including regarding the attorney fees.  *See*, *e.g.*, *Fairbourn Com., Inc. v. Am. Hous. Partners*, Inc., 68 P.3d 1038, 1040 (Utah App. 2003), *aff'd*, 94 P.3d 292 (Utah 2004) ("A contract's interpretation may be either a question of law, determined by the words of the agreement, or a question of fact. . . .").

Simply put, ReST's disagreement with the Arbitrator's interpretation, either legal or factual, may not be a basis for vacating the arbitration award.

## II.  THE ARBITRATOR CORRECTLY DETERMINED DAMAGES FOR REST'S TRADE DRESS INFRINGEMENT

In its Opposition, ReST characterizes the Arbitrator's findings and conclusions regarding Purple's damages for ReST's infringement on Purple's trade dress as baseless.[1]  ReST's simple disagreement concerning this issue may not be a basis for

---

[1] Defendants incorrectly identify the damages amount awarded to Purple for ReST's trade dress infringement.  The correct amount of the damages under this category is

vacating an arbitration award.  *See Commercial Refrigeration*, 319 F. Supp. 2d at 1269

("This deference is given to findings of fact: errors in the arbitrator's findings of fact do

not merit reversal." (quotation marks omitted; quoting *Bowles Financial Group, Inc., v.*

*Stifel, Nicolaus & Co.*, 22 F.3d 1010, 1012 (10th Cir.1994))); *id*. ("[A]n arbitrator's

erroneous interpretations or applications of law are not reversible." (quotation omitted);

*Gen. Motors Corp. v. Urb. Gorilla, LLC*, 500 F.3d 1222, 1227 (10th Cir. 2007) (Referring

to trade dress infringement, "[i]n this circuit, likelihood of confusion is a question of fact. .

. ."); *First Am. Title Ins. Co. v. N.W. Title Ins. Agency, LLC*, No. 2:15-CV-00229-DN,

2016 WL 6902473, at *12 (D. Utah Nov. 23, 2016) (the fact and amount of damages

implicate factual findings).

**CONCLUSION**

Based on the foregoing, and for reasons discussed in the Motion to Confirm and

Purple's Opposition to the Motion to Vacate, the Court should Grant the Motion to

Confirm.

DATED this 3ʳᵈ day of May 2024.

**MAGLEBY CATAXINOS & GREENWOOD, PC**

/s/ Adam Alba
James E. Magleby
Adam Alba
Yevgen Kovalov
*Attorneys for Plaintiff Purple Innovation, LLC*

---

$434,363, and together with the trademark infringement the total amount of damages for Defendants' infringements on Purple's intellectual property is $658,811.68.  Interim Award at 63, ECF 203-5.

4

## CERTIFICATE OF SERVICE

I hereby certify that I am employed by the law firm of MAGLEBY CATAXINOS &

GREENWOOD, PC, 141 W. Pierpont Avenue, Salt Lake City, Utah 84101, and that

pursuant to Rule 5(b) of the Federal Rules of Civil Procedure, a true and correct copy of

the foregoing **REPLY IN SUPPORT OF MOTION TO CONFIRM ARBITRATION**

**AWARD** was delivered to the following this 3rd day of May 2024, by CM/ECF System:

Stephen P. Horvat
  shorvat@aklawfirm.com
Joseph W. Moxon
  jmoxon@aklawfirm.com
ANDERSON & KARRENBERG
50 West Broadway, Suite 600
Salt Lake City, Utah 84101-2035


*Attorneys for Defendants*

/s/ H. Evan Gibson