James E. Magleby (7247)
  magleby@mcg.law
Adam Alba (13128)
  alba@mcg.law
Yevgen Kovalov (16297)
  kovalov@mcg.law
**MAGLEBY CATAXINOS & GREENWOOD, PC**
141 W. Pierpont Avenue
Salt Lake City, Utah 84101-3605
Telephone: 801.359.9000
Facsimile: 801.359.9011

Attorneys for Plaintiff Purple Innovation, LLC

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **PURPLE INNOVATION, LLC,**<br><br>        **Plaintiff,**<br><br>**v.**<br><br>**RESPONSIVE SURFACE TECHNOLOGY, LLC, PATIENTECH, LLC, and ROBERT GOLDEN,**<br><br>        **Defendants, Counterclaim Plaintiffs, and Third-Party Plaintiffs,**<br><br>**v.**<br><br>**PURPLE INNOVATION, LLC, GARY DICAMILLO, ADAM GRAY, JOSEPH MEGIBOW, TERRY PEARCE, TONY PEARCE, and JOHN DOE NOS. 1-4,**<br><br>        **Counterclaim Defendant and Third-Party Defendants.** | **RESPONSE TO MOTION TO VACATE, MODIFY, OR CORRECT ARBITRATION AWARD**<br><br><br><br><br><br><br><br><br><br>**Civil No.: 2:20-cv-708**<br><br>**Consolidated No. 2:20-cv-727**<br><br>**Honorable Robert J. Shelby**<br><br>**Magistrate Judge Cecilia M. Romero** |

## TABLE OF CONTENTS

INTRODUCTION.................................................................................................. 1

RESPONSE TO REST'S STATEMENT OF THE CASE ................................................ 1

ARGUMENT..................................................................................................... 4

I.   STANDARD .............................................................................................. 4

II.   THE ARBITRATOR'S AWARD OF FEES AND COSTS DID NOT VIOLATE THE
     FAA ..................................................................................................... 6

   A.   The Arbitrator Did Not Exceed His Powers Or Rule On A Matter Not Submitted
        When He Awarded Attorney Fees – Sections 10(a)(4) and 11(b) of the FAA. ... 6

      1.   All Doubts Are Resolved in Favor of the Arbitrator ........................................... 6

      2.   The Arbitrator's Award of Fees was Proper and Based on Sound Legal
           Authority................................................................................................... 7

      3.   ReST's Authorities Are Not On Point ............................................................ 11

   B.   The Arbitrator's Award of Fees and Costs Did Not Reflect a Disregard for the
        Law or Evidence Bias ...................................................................... 12

   C.   The Arbitrator Did Not Exceed His Discretion by Refusing to Hear Evidence .. 13

III.   THE ARBITRATOR'S TRADE DRESS INFRINGEMENT AWARD DID NOT
       DISREGARD THE LAW OR EVIDENCE PARTIALITY ......................................... 14

CONCLUSION ................................................................................................ 16

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Affordable Care, L.L.C. v. McIntyre*, No. 22-60245, 2023 WL 3620755 .......................... 9

*ARW Exploration Corp. v. Aguirre*, 45 F.3d 1455 (10th Cir. 1995) ................................ 12

*Bowles Financial Group, Inc., v. Stifel, Nicolaus & Co.*,
22 F.3d 1010 (10th Cir.1994)..................................................................................... 1, 2

*Brown v. Coleman Co.*, 220 F.3d 1180 (10th Cir. 2000)................................................... 5

*Burlington N. & Santa Fe Ry. Co. v. Pub. Serv. Co. of, Okla.*,
636 F.3d 562 (10th Cir. 2010)...................................................................................... 5

*DMA Intern., Inc. v. Qwest Comm. Intern., Inc.*, 585 F.3d 1341 (10th Cir. 2009) ......... 12

*Dunhill Franchisees Tr. v. Dunhill Staffing Sys., Inc.*, 513 F. Supp. 2d 23 (S.D.N.Y.
2007) ............................................................................................................................ 9

*General Motors Corp. v. Urban Gorilla, LLC*, 500 F.3d 1222 (10th Cir. 2007).............. 15

*Hollern v. Wachovia Securities, Inc.*, 458 F.3d 1169 (10th Cir. 2006) ................ 1, 6, 7, 8

*Int'l Bhd. of Elec. Workers, Local Union No. 611,
AFL–CIO v. Pub. Serv. Co. of N.M.*, 980 F.2d 616 (10th Cir.1992) ............................ 6

*Jenkins v. Prudential-Bache Sec. Inc.*, 847 F.2d 631 (10th Cir. 1988) ........................ 12

*Lifescan, Inc. v. Premier Diabetic Services, Inc.*, 363 F.3d 1010 (9th Cir. 2004)............ 7

*Limited v. Indyzen, Inc.*, 851 F. App'x 54 (9th Cir. 2021).......................................... 9, 14

*Lopez v. Dillard's Inc.*, 382 F.Supp.2d 1245 (D. Kan. 2005)............................................ 7

*Ormsbee Dev. Co. v. Grace*, 668 F.2d 1140 (10th Cir. 1982) ......................................... 5

*Shankle v. B–G Maint. Mgmt. of Colo., Inc.*, 163 F.3d 1230 (10th Cir.1999).................. 6

*THI of New Mexico at Vida Encantada, LLC v. Lovato*,
864 F.3d 1080 (10th Cir. 2017)............................................................................... 1, 5

*United Paperworkers Int'l Union, AFL–CIO v. Misco, Inc.*, 484 U.S. 29 (1987) .............. 6

*Warner Bros. Recs. v. PPX Enterprises, Inc.*, 776 N.Y.S.2d 269 (N.Y. App. Div. 2004) . 9

**Statutes**

9 U.S.C. § 10 and § 11 ............................................................................*passim*

Purple Innovation, LLC, through counsel MAGLEBY CATAXINOS & GREENWOOD, PC, submits this Response to Vacate, Modify, or Correct Arbitration Award.

## INTRODUCTION

Defendants Responsive Surface Technology, LLC and PatienTech, LLC (collectively "ReST") ask the Court to vacate, correct, or modify the arbitration award. ReST's arguments have no merit.  Not only is ReST wrong on the law, ReST cannot carry its "heavy burden" to show the award should be vacated.  *THI of New Mexico at Vida Encantada, LLC v. Lovato*, 864 F.3d 1080, 1084 (10th Cir. 2017).  Indeed, in situations such as this, there is a "strong presumption requiring ***all doubts*** concerning whether a matter is within the arbitrators' powers to be resolved in favor of arbitrability." *Hollern v. Wachovia Securities, Inc.*, 458 F.3d 1169, 1174 (10th Cir. 2006) (emphasis added).  ReST has not overcome the "strong presumption" supporting the Arbitrator's award.  And even if ReST has created doubts about the Arbitrator's decisions, the Court *must* resolve those doubts in the Arbitrator's favor.  Thus, the Court should deny ReST's motion.

## RESPONSE TO REST'S STATEMENT OF THE CASE

As an initial matter, ReST attempts to relitigate the facts underlying the dispute in its background section of its motion.  [*See* Motion at 1-16].  It does this by mischaracterizing several underlying issues that led to this dispute.  However, the Court should disregard ReST's misguided efforts.  The extreme deference courts are required to give to arbitration awards extends to an arbitrator's factual findings, and "[e]rrors in the arbitrator's … findings of fact do not merit reversal."  *Bowles Financial Group, Inc., v. Stifel, Nicolaus & Co.*, 22 F.3d 1010, 1012 (10th Cir.1994).  To the extent that ReST's

characterizations of the facts are inconsistent with the Arbitrator's findings, the court must resolve those inconsistencies in the Arbitrator's favor.  *See id.*  Also, Purple does not necessarily agree with ReST's articulation of the background facts behind the dispute, and Purple incorporates by reference its allegations and defenses set forth in its pleadings in this case and in the Arbitration to respond to the mischaracterizations in ReST's motion.  Purple provides the following background facts and procedural facts for context only.

<strong>Factual Background</strong>

On January 13, 2020, Purple and ReST



As acknowledged by ReST in its Motion,

AAA Commercial Rule 47(d)(ii) stated:

---

[1] For convenience, Purple adopts the exhibit numbering set forth by ReST in its Motion. New exhibits submitted by Purple will start with Exhibit 61.

2

> The award of the arbitrator(s) may include … an award of attorneys' fees if all parties have requested such an award or it is authorized by law or their arbitration agreement.

AAA Commercial Rule 47(d)(ii).[2]



After the execution ██████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████ The relationship then devolved even further after Purple informed ReST that it would not be acquiring ReST, and then due to ReST's infringement of Purple's intellectual property.  [*See id.* at ¶¶ 132-176].

**PROCEDURAL BACKGROUND**

On October 13, 2020, Purple filed a complaint against Defendants in this Court. [ECF No. 1].  ReST moved to compel arbitration, [ECF No. 111], and the Court granted that Motion.  [ECF No. 190].  Pursuant to the Court's order, the parties submitted their claims and counterclaims to the AAA.  [Purple Arbitration Demand (without enclosures), Exhibit 62].  The parties selected Grant Kim to be their Arbitrator.  Mr. Kim is an attorney and arbitrator with "over 30 years of experience with arbitration, intellectual property litigation, and other complex commercial disputes."  [*See* AAA Grant Kim Resume, Exhibit 63].

All parties requested attorney fees in several pleadings and filings in the Arbitration.  For example, Purple sought an award of attorney fees and arbitration costs

---

[2] A copy of the relevant rule is attached as Exhibit 61.  The 2016 version of the AAA Commercial Rules was in effect when the parties entered into the MSA.  In 2022, the AAA amended its Commercial Rules, and Rule 47 became Rule 49, though its text remained substantively the same.

in its Demand for Arbitration.  [*See* Purple Arbitration Demand, Ex. 62].  Purple repeated

that request in the more detailed Statement of Claims it filed on October 12, 2021, as to

each of its eleven claims for damages.  [Purple's Statement of Claims, ¶¶ 144, 152,

160, 171, 179, 190, 200, 209, 217, 224, 234, Exhibit 32].  Similarly, ReST sought an

award of attorney fees and costs in the one-page Answer filed on September 21, 2021.

[ReST Answer to Arbitration Demand, Exhibit 64].  ReST repeated that request in the

more detailed Answering Statement and Counterclaims filed on January 14, 2022

[Exhibit 65 at 19]; its March 27, 2023, Amended Statement of Counterclaims [Exhibit 66

at 17], and the Second Amended Statement of Counterclaims filed on July 2, 2023

shortly before the merits hearing began [Exhibit 67, at 12].

The arbitration proceedings[3] culminated in a 10-day evidence hearing with a

stenographic record.  After the hearing, the Arbitrator issued a 65-page Interim Award

on Liability and Damages.  [Interim Award, Exhibit 49].  The Interim Award was rife with

citations to applicable case law and the record evidence, including documents and

witness testimony.  [*See id*.].  Following the submissions of costs and attorney fees, the

Arbitrator issued the Final Award.  [Exhibit 58].

## ARGUMENT

### I.    STANDARD

Arbitration awards may rarely be modified, corrected, or vacated under 9 U.S.C.

§ 10 or § 11 of the Federal Arbitration Act.  *See* 9 U.S.C. §§ 10, 11.  The party seeking

---

[3] As acknowledged by ReST, the Arbitration was made more difficult because Golden
falsified evidence and gave false testimony.  The Arbitrator relied on this falsified
evidence in ruling on a potentially dispositive motion.  [2023-05-04 AAA Procedural
Order No. 19 at 6, Exhibit 6 to Purple's Motion to Confirm]; [2023-06-29 Procedural
Order No. 25, Exhibit 7 to Purple's Motion to Confirm].

vacatur or modification under the FAA bears the burden of establishing a ground for relief.  *See THI of New Mexico at Vida Encantada, LLC v. Lovato*, 864 F.3d 1080, 1084 (10th Cir. 2017).  This is a "heavy burden," *id.*, and courts "must give extreme deference" to an arbitrator's conclusions because the "review of arbitral awards is among the narrowest known to law."  *Id*. at 1083 (emphasis omitted) (quoting *Brown v. Coleman Co.*, 220 F.3d 1180, 1182 (10th Cir. 2000)).  Given this limited review, courts should "exercise 'great caution' when a party asks for an arbitration award to be set aside" or modified.  *Id*. (quoting *Ormsbee Dev. Co. v. Grace*, 668 F.2d 1140, 1147 (10th Cir. 1982)).  Indeed, "[o]nce an arbitration award is entered, the finality of arbitration weighs heavily in its favor and cannot be upset except under exceptional circumstances."  *Burlington N. & Santa Fe Ry. Co. v. Pub. Serv. Co. of Okla.*, 636 F.3d 562, 567 (10th Cir. 2010) (quoting *Ormsbee*, 668 F.2d at 1146–47).

ReST recognizes that the FAA confers "broad discretion" to arbitrators.  [Motion at 1].  Nonetheless, ReST asks the Court to vacate or strike the award under 9 U.S.C. §§ 10(a)(2), (3), and (4) and 11(b).[4]  ReST's arguments have no merit.

---

[4] 9 U.S.C. § 10(a)(2) applies if there is "evident partiality or corruption" in the arbitrator. Section 10(a)(3) applies if the arbitrator was "guilty of misconduct in refusing to postpone the hearing … or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced."  Section 10(a)(4) applies if the arbitrator "exceeded [his] powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."  Section 11(b) applies when the arbitrator "awarded upon a matter not submitted to [him], unless it is a matter not affecting the merits of the decision upon the matter submitted."

## II.   THE ARBITRATOR'S AWARD OF FEES AND COSTS DID NOT VIOLATE THE FAA

### A.   THE ARBITRATOR DID NOT EXCEED HIS POWERS OR RULE ON A MATTER NOT SUBMITTED WHEN HE AWARDED ATTORNEY FEES – SECTIONS 10(a)(4) AND 11(b) OF THE FAA.

#### 1.   All Doubts Are Resolved in Favor of the Arbitrator

ReST argues that the Arbitrator "exceeded his powers" and "ruled on a matter not submitted" when he awarded attorney fees, in violation of Sections 10(a)(4) and 11(b) of the FAA.  [Motion at 16].  ReST's argument is that the Arbitrator had no power to award attorney fees because Utah law, which applied substantively to the arbitration, does not authorize an award of attorneys' fees unless provided under a statute or agreement of the parties, and Purple's contract claims were brought under the MSA, which does not have an attorney fees provision.  ReST's arguments have no merit.

The first challenge for ReST is the lens through which the Court must resolve this issue.  When assessing the scope of the arbitrator's authority, there is a "strong presumption *requiring all doubts* concerning whether a matter is within the arbitrators' powers to be resolved in favor of arbitrability."  *Hollern v. Wachovia Securities, Inc.*, 458 F.3d 1169, 1174 (10th Cir. 2006) (emphasis added) (citing *Shankle v. B–G Maint. Mgmt. of Colo., Inc.*, 163 F.3d 1230, 1233 (10th Cir.1999)).

This narrow standard "has been interpreted to mean that *as long as the arbitrator is even arguably construing or applying the contract* and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision.'"  *Int'l Bhd. of Elec. Workers, Local Union No. 611, AFL–CIO v. Pub. Serv. Co. of N.M.*, 980 F.2d 616, 618 (10th Cir.1992) (emphasis added) (quoting *United Paperworkers Int'l Union, AFL–CIO v. Misco, Inc.*, 484 U.S. 29, 38

(1987)).  The Tenth Circuit has even recognized that "[e]rrors in an arbitration panel's factual findings, or its interpretation and application of the law, do not justify vacating an award.  *Hollern*, 458 F.3d at 1172.

Thus, the question raised by ReST's motion is this: Was the Arbitrator "arguably construing or applying the contract" when he awarded fees and costs?  As set forth more fully below, the answer is "yes."  And even if there is doubt about that, such doubt must be resolved in favor of the Arbitrator.  *See Hollern*, 458 F.3d at 1174.

> 2. <u>The Arbitrator's Award of Fees was Proper and Based on Sound Legal Authority</u>

In arguing that a ruling of attorney fees could not have been made by the Arbitrator because the MSA did not have an attorney fee provision, ReST fails to consider that parties may incorporate into their contract the application of arbitration rules and procedures, including rules related to attorney fees.  Thus, an arbitrator's award of fees in a case about a contract that does not have an express attorney fee provision may still be the application of substantive law.  *See e.g.*, *Hollern*, 458 F.3d at 1174 ("Although the Option Account Agreement itself did not expressly permit an award of attorneys' fees, the parties' subsequent submissions to the arbitrators amended the original arbitration agreement to expressly authorize attorneys fees."); *Lopez v. Dillard's Inc.*, 382 F.Supp.2d 1245, 1248 (D. Kan. 2005) (observing that the contract between the parties incorporated by reference the arbitration rules, including the rules allowing the arbitrator "to grant a prevailing party fees and costs, including attorney fees[.]").  *Lifescan, Inc. v. Premier Diabetic Services, Inc.*, 363 F.3d 1010, 1013 (9th Cir. 2004) (refuting argument that agreement is silent on the issue of arbitration fees because the

agreement "incorporates the rules of the AAA, which do cover the apportionment of

fees: They leave it up to the arbitrators.").

The parties' submissions to an arbitrator may also "extend" an arbitrator's

authority under their contract.  *See Hollern*, 458 F.38 at 1174.  The *Hollern v. Wachovia*

case from the Tenth Circuit is instructive.  There, the appellant moved to vacate an

arbitrator's award of attorney fees under Section 10(4) of the FAA, arguing that the

arbitrator's "lacked authority to award fees" because the agreement between the parties

"did not expressly authorize an award of attorneys' fees."  *Id.* at 1173.  Rejecting that

argument, the court made these observations:

> Although the Option Account Agreement itself did not expressly permit an
> award of attorneys' fees, the parties' subsequent submissions to the
> arbitrators amended the original arbitration agreement to expressly
> authorize attorneys' fees. Arbitrators derive their authority from the parties'
> arbitration agreement. ***The parties may extend that authority, however,***
> ***in their submissions to the arbitrators so long as the submissions do***
> ***not violate an express provision of the original arbitration agreement***.
> After the parties executed the Option Account Agreement, Hollern
> submitted an NASD Statement of Claim wherein she explicitly requested an
> award of attorneys' fees. She reaffirmed her desire to have the arbitrators
> decide the issue of attorneys' fees by indicating she was seeking attorneys'
> fees on the Claim Information Sheet. Wachovia did not object to the
> arbitrators' authority to award attorneys' fees. Instead, in its Answer to
> Hollern's Statement of Claim, Wachovia also explicitly requested an award
> of attorneys' fees. Most importantly, the parties then entered into a Uniform
> Submission Agreement. The Uniform Submission Agreement expressly
> incorporated Hollern's Statement of Claim and Wachovia's Answer, and
> indicated the parties agreed to submit all issues identified in those pleadings
> to arbitration. By incorporating their pleadings, including their parallel
> requests for attorneys' fees, into the Uniform Submission Agreement, the
> parties expressly empowered the arbitrators to award attorneys' fees.

*Id.* at 1174 (citations omitted) (emphasis added).[5]

---

[5] As the Arbitrator observed in his Final Award, courts around the country agree that the
AAA Rules authorize an award of fees when all parties have requested such an award

The facts here are similar.  Though ███████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████, they incorporated by reference the AAA's Commercial Arbitration Rules,

which rules expressly provide that an arbitrator's award may include "an award of

attorneys' fees if all parties have requested such an award or it is authorized by law or

their arbitration agreement."  [AAA Commercial Rule 47(d)(ii), Ex. 61].

The parties further solidified that commitment in their submissions to the

Arbitrator.  Here, all Parties requested a fee award in their pleadings.  Purple sought an

award of attorneys' fees and arbitration costs in the one-page Demand for Arbitration it

filed on September 1, 2021.  Purple repeated that request in the more detailed

---

and have agreed to arbitrator in accordance with the AAA Rules.  *See Affordable Care, L.L.C. v. McIntyre*, No. 22-60245, 2023 WL 3620755, at *3, n. 4 (5th Cir. May 24, 2023) (unpublished) (AAA Rule 47 authorizes fee award where the parties' contract incorporated the AAA Rules and both sides "requested an award of attorney fees in their arbitration pleadings"), *cert. denied*, 144 S. Ct. 380 (2023); *Limited v. Indyzen, Inc.*, 851 F. App'x 54, 55–5 (9th Cir. 2021) (unpublished) (fee award did not exceed arbitrator's powers under AAA Rule 47, given that all parties, including the party ordered to pay fees, requested a fee award); *Warner Bros. Recs. v. PPX Enterprises, Inc.*, 776 N.Y.S.2d 269, 270 (N.Y. App. Div. 2004) (agreement between the parties did not specifically provide for attorneys' fees, but the arbitration clause did incorporate the Commercial Arbitration Rules of the American Arbitration Association, which authorize a fee award where all parties have requested such an award); *Dunhill Franchisees Tr. v. Dunhill Staffing Sys., Inc.*, 513 F. Supp. 2d 23, 33 (S.D.N.Y. 2007) (arbitration clause provided that the parties are to submit disputes to arbitration in accordance with the AAA's Commercial Rules, of which Rule 43(d) provides that '[t]he award of the arbitrator(s) may include: an award of attorneys' fees if all parties have requested such an award or it is authorized by law or their arbitration agreement'").

Statement of Claims it filed on October 12, 2021, as to each of its eleven claims for damages. [*See* Purple's Statement of Claims, ¶¶ 144, 152, 160, 171, 179, 190, 200, 209, 217, 224, 234, Ex. 32].  ReST also sought an award of attorney fees and costs in the Answer it filed on September 21, 2021, and repeated that request in the more detailed Answering Statement and Counterclaims and its amendments.  [*See* Final Arbitration Award at 11, Ex. 58].

And if the parties' pleadings in the Arbitration were not sufficient, the Arbitrator's Procedural Order No. 1 puts the nail in the coffin of ReST's argument.  Procedural Order No. 1 states: "Arbitration procedures will be governed by the AAA Rules and the procedural orders and other directions issued by the Arbitrator."  [Procedural Order No. 1, ¶ 2, Exhibit 35].  This order necessarily includes those rules and procedures governing attorney fees.  It makes no sense to interpret Procedural Order No. 1 as meaning that "Arbitration procedures will be governed by the AAA Rules," except that Rule 47(d)(ii) does not apply.

Additionally, ReST's argument about Rule 47(d)(ii) conflicts with its own position that entitlement to arbitration costs is governed by AAA Rule 47(c), which states that costs shall be allocated as the arbitrator deems appropriate.  [2024-01-05 ReST Submission, Exhibit 51].  ReST suggests that Rule 47(c) applies as to allocation of costs, but Rule 47(d)(ii) does not apply as to allocation of attorneys' fees. ReST has provided no basis for this strange result, and ReST's submission is fatal to its argument here.

The Arbitrator's award is also consistent with the MSA and Utah law because Utah law does not prohibit an award of attorneys' fees when the parties agreed to

10

incorporate arbitral rules that authorize such an award.  On the contrary, Utah law allows an award of attorneys' fees if "provided under a statute or a contract between the parties."  [2024-01-05 ReST Submission at 1-2, Ex. 51 (citation omitted)].

ReST also argues that award was improper because Purple only ever sought fees under the Lanham Act and Utah's bad faith statute.  [Motion at 20].  Initially, ReST does not appear to have raised this argument to the Arbitrator. But even if it had raised the argument, it is simply not true that Purple's requests for fees were limited to the Lanham Act and Utah's bad faith statute.  As set forth in Purple's January 5, 2024 submission, Purple specifically requested fees "under AAA Rule 49."[6]  [*See* Exhibit 50 at 6].  But even if Purple had only limited its fee requests to the Lanham Act and the Utah bad faith statute, AAA Rule 47 does not require parties to explicitly identify every legal mechanism that would entitle them to fees.  Rather, the Rule simply states that fees may be awarded "if all the parties have requested such an award."  AAA Rule 47(d).  Thus, ReST's arguments fail.

### 3.    ReST's Authorities Are Not On Point

Another problem for ReST's argument is that it has *no authority* for its bold position.  As noted by the Arbitrator, ReST has relied on court decisions that treat entitlement to attorneys' fees as a substantive right in *other contexts*, including (1) whether entitlement to attorneys' fees is a substantive right governed by state law in a federal diversity case under the Erie doctrine; (2) whether entitlement to attorneys' fees

---

[6] Purple's submission inadvertently cited to the present AAA Rules, not the 2016 version of the AAA rules that were in effect when the parties entered into the MSA. But the rules are substantively the same.

is a substantive right for the purpose of choice-of-law analysis; and (3) whether entitlement to attorneys' fees is a substantive right for the purpose of determining whether a statute applies retroactively or prospectively only.

However, this case does not involve the Erie doctrine, choice-of-law analysis, or retroactive application of a statute.[7]  Rather, the issue is whether AAA Rule 47 authorizes a fee award when all parties have requested it.  The cases cited by ReST do not involve arbitrations, AAA Rule 47, or any similar rule.

> **B.   THE ARBITRATOR'S AWARD OF FEES AND COSTS DID NOT REFLECT A DISREGARD FOR THE LAW OR EVIDENCE BIAS**

An arbitrator's erroneous interpretations or applications of law are not reversible. *ARW Exploration Corp. v. Aguirre*, 45 F.3d 1455, 1463 (10th Cir. 1995).  Only a "manifest disregard" of law is subject to reversal.  *Id.*  The Tenth Circuit has characterized the standard as "'willful inattentiveness to the governing law.'" *DMA Intern., Inc. v. Qwest Communications Intern., Inc.*, 585 F.3d 1341, 1344 (10th Cir. 2009) (quoting *Jenkins v. Prudential-Bache Sec. Inc.*, 847 F.2d 631, 634 (10th Cir. 1988)).  Manifest disregard of the law means more than error or misunderstanding with respect to the law; the record must show the arbitrator knew the law and explicitly disregarded it.  *See DMA Intern, Inc.*, 585 F.3d at 1345.

ReST argues as follows:

> The Arbitrator *admitted* in the Final Award that the cases cited by Defendants hold that entitled to fees is a substantive right in Utah and throughout the country. … But despite being fully aware of the existence of a clearly defined governing legal principle, he refused to apply it, in effect, ignoring it.

---

[7] The Arbitrator considered and rejected these ReST's arguments.  [Exhibit 58 at 12-13].

[Motion at 21 (citations and quotations omitted)].

This is not an accurate depiction of the Arbitrator's award.  He did not "refuse" to apply the law; he simply distinguished the cases cited by ReST.  Importantly, he said the cases "shed no light on the critical issue of whether AAA Rule 47 authorizes a fee award when all parties have requested it."  [Final Award at ¶ 52].  In other words, the Arbitrator *distinguished the cases* cited by ReST, he did not *disregard the law*.  This argument therefore fails.

### C.    THE ARBITRATOR DID NOT EXCEED HIS DISCRETION BY REFUSING TO HEAR EVIDENCE

ReST also argues that the award should be vacated or modified because the Arbitrator did not conduct an evidentiary hearing on Purple's request for fees.  [Motion at 22].  This argument has no merit.

Initially, as with several other of ReST's arguments, ReST has no authority for its position that failing to conduct an evidentiary hearing on a request for fees is sufficient to vacate or modify an arbitration award.  Further, ReST has not attempted to challenge any of the fees incurred by Purple in the Arbitration, or the specific amounts awarded by the Arbitrator.  Thus, even if the Arbitrator had decided to hold an evidentiary hearing on the fees incurred by Purple, ReST has not given the Court or the Arbitrator any indication about which fees, if any, were erroneously incurred, or should not have been awarded.  ReST has not overcome the high bar to show that the Arbitrator should have conducted an evidentiary hearing before awarding fees.[8]

---

[8] ReST goes as far as to suggest that the Arbitrator "had clearly decided to give Purple whatever fees Purple asked."  [Motion at 23, n.15].  However, ReST does not back up

III.    **THE ARBITRATOR'S TRADE DRESS INFRINGEMENT AWARD DID NOT DISREGARD THE LAW OR EVIDENCE PARTIALITY**

ReST argues that the "the only explanation" for the Arbitrator's decision to award Purple damages for its trade dress claim was "his personal feelings against Defendants[.]"  [Motion at 23].  This bold argument has no basis in fact, and ReST cannot overcome the strong presumption in favor of the Arbitrator's decision.

First, the Arbitrator carefully explained his reasoning, with ample citations to case law and the record evidence, in nearly ten pages of his Interim Award.  [*See* Interim Award at 46-54, Ex. 5].  The Arbitrator explained Purple's trade dress includes a purple-colored gel grid, which is "prominently featured … in its advertising," and that ReST improperly used that trade dress in its marketing.  [*See id.*].  The Arbitrator also made these observations:

> ReST witnesses acknowledged that the Purple bed was a "very hot" product that dealers were "clamoring for (day 3 Transcript at 130:11-17); and that the "image of the purple-colored grid was important branding for promoting the ReST 2020 bed." (Day 6 Transcript at 233:5-18).  In addition, ReST attempted to identify the exact purple pantone that Purple used, so that ReST could obtain an alternative gel grid with the same purple pantone. (Day 5 Transcript at 107:23 to 109:18;  Ex. 85).
>
> Similar to *Black & Decker* and *Marker Int'l*, the evidence supports the inference that ReST decided to use the same purple-colored grid to promote

---

this bold statement with any evidence.  Contrary to ReST's statement, of the $1,229,235.50 of fees Purple requested, the Arbitrator awarded Purple $912,022.50. [Exhibit 58 at 9, 23].  This statement is also troubling considering the Arbitrator's refusal to award Purple prejudgment interest.  Neither does ReST provide support for its proposition that the Arbitrator had an obligation to conduct an evidentiary hearing. [Motion 22 ("Defendants recognize that evidentiary hearings are not normally conducted for attorney fees.")].  When asked about any complains about the procedures of the hearing, ReST's Counsel answered "I'll just say no."  [Hearing Tr. (Day 10) at 260-61, Exhibit 68].  Similarly, answering the Arbitrator's question whether ReST had a reasonable opportunity to present its case, ReST's counsel answered "yes."  [*Id.* at 261].

the ReST Bed with ReST GelGrid because it knew that this image was associated with Purple and its Purple Grid, and may mislead customers into believing that the ReST Bed with ReST GelGrid was associated with Purple.

[Interim Award at ¶¶ 212-13].

ReST complains that the Arbitrator's conclusion was improper because it was based on one infringing image on the ReST website. [Motion at 23]. However, ReST cites to no authority that the use of a competitor's trade dress in only one image on its website *could not* constitute trade dress infringement. Indeed, there is no such limitation in the law. *See e.g. General Motors Corp. v. Urban Gorilla, LLC*, 500 F.3d 1222, 1226-27 (10th Cir. 2007) (outlining the elements of trade dress infringement).

Further, ReST minimizes the impact of the image used on its website. It is undisputed that the image was present on ReST's website for *nine months*, and it is undisputed that the image was used by ReST to market a product that competed directly with Purple. [*See* Interim Award at ¶¶ 186, 214-215]. The Arbitrator noted that the use of the image created a likelihood of confusion for consumers visiting the website because it "misleadingly implied that the 'ReST GelGrid' was in some way associated with or approved by Purple, even if the remainder of the bed was made by ReST." [*Id.*].

ReST also ignores the "intent" component in the likelihood of confusion analysis. That is, in determining whether a likelihood of confusion exists, courts "consider a variety of factors, including … the intent of the alleged infringer in designing its product[.]" *General Motors*, 500 F.3d at 1227. Here, ReST's intent in trying to copy the *exact* color of Purple's grid to promote its own products, and its unwillingness to change the image after it was aware of Purple's complaints, were significant factors for the Arbitrator, [*see* Interim Award at ¶¶ 212-213], and the precise application of the law. In

15

any event, nothing in the Arbitrator's award may potentially rise to the level of "manifest disregard of the law" or prove partiality.[9]

## CONCLUSION

For the foregoing reasons, Purple requests that the Court deny ReST's motion.

DATED this 3rd day of May 2024.

MAGLEBY CATAXINOS & GREENWOOD, PC


/s/ Adam Alba
James E. Magleby
Adam Alba
Yevgen Kovalov
*Attorneys for Plaintiff Purple Innovation, LLC*

---

[9] Again, ReST's bold statements regarding partiality of the Arbitrator are unsubstantiated, and they are contradicted by the Arbitrator's rulings.  The Arbitrator refused to award Purple all the damages Purple sought, including punitive damages despite ReST's principal's fabrication of evidence and untruthful testimony under oath. [Exhibit 58 at 21-24].

## CERTIFICATE OF SERVICE

I hereby certify that I am employed by the law firm of Magleby Cataxinos &

Greenwood, PC, 141 W. Pierpont Avenue, Salt Lake City, Utah 84101, and that

pursuant to Rule 5(b), Federal Rules of Civil Procedure, a true and correct copy of the

foregoing **RESPONSE TO MOTION TO VACATE, MODIFY, OR CORRECT**

**ARBITRATION AWARD** was delivered to the following this 3rd day of May 2024, by:

[X] CM/ECF System

[  ] Electronic Mail

Stephen P. Horvat
   shorvat@aklawfirm.com
Joseph W. Moxon
   jmoxon@aklawfirm.com
Anderson & Karrenberg
50 West Broadway, Suite 600
Salt Lake City, Utah 84101-2035

*Attorneys for Defendants*

/s/ H. Evan Gibson