Stephen P. Horvat (#6249)
Joseph W. Moxon (#17281)
**ANDERSON & KARRENBERG**
50 West Broadway, Suite 600
Salt Lake City, Utah 84101-2035
Telephone: (801) 534-1700
shorvat@aklawfirm.com
jmoxon@aklawfirm.com

*Attorneys for Defendants Responsive Surface*
*Technology, LLC, Patientech, LLC and Robert Golden*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PURPLE INNOVATION, LLC,<br><br>Plaintiff,<br><br>v.<br><br>RESPONSIVE SURFACE TECHNOLOGY, LLC; PATIENTECH, LLC; ROBERT GOLDEN; et al.<br><br>Defendants. | **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO VACATE, MODIFY, OR CORRECT ARBITRATION AWARD**<br><br>**Case No. 2:20-cv-00708-RJS**<br><br>**Judge Robert J. Shelby** |

Defendants Responsive Surface Technology, LLC ("ReST") and PatienTech, LLC ("PatienTech") submit this reply supporting their Motion to Vacate, Modify, or Correct Arbitration Award, ECF 226.

# ARGUMENT

## I. THE ARBITRATOR'S AWARD OF ATTORNEY FEES CANNOT BE ALLOWED TO STAND.

### A. The parties agreed that the Arbitrator could only award fees as authorized by Utah law.

Purple cannot get around the fundamental facts: The parties agreed that the Arbitrator would apply Utah substantive law in awarding fees, and the Arbitrator disregarded that agreement. Purple has not established that the right to attorney fees is an "arbitration procedure" under any law, state or federal. And Purple does not dispute – because it cannot – that Purple and the Defendants intended and understood that there was no general right to prevailing party attorney fees. The only conclusion to be drawn from these basic principles is that the Arbitrator went beyond what the parties authorized him to do when he decided to award prevailing party fees.

Purple's cases do not address this situation. For example, in *Hollern*, the contract's language was that "any arbitration under this agreement shall be conducted pursuant to the Federal Arbitration Act and the laws of the Commonwealth of Virginia." *Hollern v. Wachovia Sec., Inc.*, 458 F.3d 1169, 1171 (10th Cir. 2006). Unlike in *Hollern*, the parties expressly and undeniably agreed in Procedural Order 1 that the AAA Rules apply to procedure only, and that Utah law applies to substantive matters.

Indeed, to the extent it has any bearing at all, *Hollern* supports Defendants, not Purple. As Purple notes, *Hollern* recognized that the parties' submissions during the arbitration can modify the scope of an arbitrator's authority. (Opp'n at 8.)

Neither *Lopez* nor *Lifescan* are relevant either. *See generally Lopez v. Dillard's*, 382 F. Supp. 2d 1245 (D. Kan. 2005); *Lifescan v. Premier Diabetic Services*, 363 F.3d 1010 (9th Cir.

2004). In *Lopez*, the arbitration agreement was not even enforced. The court held that it was preempted by federal law. 382 F. Supp. 2d at 1249. In other words, the court never reached the implications of the arbitration agreement. In *Lifescan*, the arbitration agreement simply stated, "Any and all unresolved disputes. shall be resolved by binding arbitration. Such arbitration shall be conducted in accordance with the then current rules of the American Arbitration Association." *Lifescan*, 363 F.3d at 1012. Neither case involved a subsequent clarifying agreement between the parties that state law would apply "substantively" and the AAA Rules would only govern "procedural aspects" of the arbitration.

The Court can also reject Purple's suggestion that Defendants somehow agreed to prevailing party attorney fees by requesting fees in their own pleadings or by citing Rule 47 in its cost filing. First, there is nothing in Defendants' attorney fee requests suggesting that the Defendants were asking for – or agreeing that Purple could seek – general prevailing party attorney fees. Had they prevailed, the Defendants would have or could have been entitled to attorney fees on their trade secret misappropriation claim and/or could have been entitled to attorney fees under Utah's bad faith statute. *See* 18 U.S.C. § 1836(b)(3)(D); Utah Code Ann. § 78B-5-825. Defendants' request for attorney fees does not therefore imply that Defendants were agreeing to a substantive right to prevailing party attorney fees under AAA Rule 47.

Similarly, Defendants' Fees and Costs Submission (Ex. 51) did not concede that Rule 47 authorized prevailing party fees and costs. Instead, responding to an argument Defendants expected Purple to make, Defendants argued the opposite: "there is no basis [under Rule 47] to impose an unequal allocation of arbitration expenses on [Defendants]." (Ex. 51 at 8.)

(The irony here is that when Defendants wrote that, they were expecting Purple to seek costs under Rule 47. Because the parties' filings were simultaneous, we had to anticipate the arguments Purple would make. But Purple never did ask for costs under Rule 47; Purple only requested costs under the Lanham Act. *Yet the Arbitrator gave Purple over $300,000 in costs under Rule 47 anyway*.)

Purple has also failed to account for the numerous cases holding that attorney fees are a matter of substantive law, not procedural. In Paragraph 1 of Procedural Order 1, the parties were agreeing what laws would govern what portions of their proceeding. They were deciding whether and to what extent the laws of the "forum," i.e., AAA, would apply. Thus, cases dealing with choice of law, *Erie* doctrine, and retroactivity are directly relevant. Moreover, as explained in our motion, those cases are useful to show what the parties meant when they agreed that Utah law would apply "substantively to the arbitration" while AAA Rules would govern only the "procedural aspects of the arbitration."

Of course, it bears repeating that there can be absolutely no doubt about what the parties intended by their agreement in Procedural Order 1. In our motion, we explained how Purple's own filings in the arbitration showed that Purple knew – as did the Defendants – that the parties had not agreed to prevailing party attorney fees. If the parties had agreed to such fees, Purple would not have bothered making the Lanham Act's "exceptional case" standard the focus of its filings. And Purple has not disputed our argument.

Arbitration is a creature of contract. In Procedural Order 1, the Parties agreed both objectively and subjectively that the Arbitrator could only award fees as authorized by Utah law. The parties specifically agreed to forego any general right to fees as a prevailing party. The

Arbitrator blatantly disregarded the parties' agreement in awarding Purple fees and costs under AAA Rule 47.  This constitutes grounds for vacation and modification under Sections 10(a)(2), 10(a)(3), 10(a)(4), and 11(b) of the Federal Arbitration Act.

  **B.** **The Arbitrator manifestly disregarded the law and showed bias.**

As explained above, the case law uniformly holds that when deciding what set of rules governs a particular proceeding, attorney fees are substantive, not procedural.  The Arbitrator was made aware of those cases and chose not to follow them.  The Arbitrator did not point to any relevant ground on which those cases could be distinguished, nor did the Arbitrator find other authority more persuasive.  He just simply ignored the law.

The Arbitrator's full reasoning is as follows:

> I reject Respondents' argument for several reasons.  First, this case does not involve the Erie doctrine, choice-of-law analysis, or retroactive application of a statute. Rather, the issue is whether AAA Rule 47 authorizes a fee award when all parties have requested it.  The cases cited by Respondents do not involve arbitrations, AAA Rule 47, or any similar rule of an arbitral institution.  They do hold that entitlement to fees is a substantive right, but in contexts that are very different from this case. Therefore, they shed no light on the critical issue of whether AAA Rule 47 authorizes a fee award when all parties have requested it. In contrast, Purple has cited numerous cases that hold that AAA Rule 47 authorizes a fee award when all parties have requested it.

(Final Award, Ex. 58, ¶ 52.)  This results-based reasoning plainly demonstrates manifest disregard of the law and partiality.

  **C.** **Because Purple only provided monthly summaries of attorney work, the Arbitrator should not have denied Defendants' request for an evidentiary hearing on fees and costs.**

Purple has not cited any authority that would allow an arbitrator to award a party $1.3 million without providing the other party a chance to meet that evidence.  As we pointed out in

our Motion, an award of fees and costs is indistinguishable in its practical effect from an award of damages or disgorgement.  It would clearly be improper for an arbitrator to award damages or disgorgement without a proper evidentiary hearing.  It was equally improper for the Arbitrator in our case to award Purple fees and costs without allowing us the same procedures.[1]

## II.     THE TRADE DRESS RULING CANNOT BE ALLOWED TO STAND.

Contrary to Purple's argument, Defendants do not claim that there is some rule on the books that "the use of a competitor's trade dress in only one image on a website *could not* constitute trade dress infringement."  What ReST obviously claims is that there is no reasonable likelihood that a person visiting ReST's website to buy an expensive bed apparatus, and seeing one image of a certain color as part of one stack of items in one rotating image on one page would think they were purchasing a product that had anything to do with Purple.  And, indeed, Purple presented no credible evidence during the Arbitration to the contrary.

Defendants do not, as Purple argues, "minimize[] the impact of the image used on [ReST's] website."  Simply put, there was no evidence that the image *had* any impact.  There was literally no testimony or document suggesting a link between the single image on the website and any consumer.  There certainly was no evidence that its presence on ReST's website was responsible

---

[1] Purple's position that "[Defendants have] not attempted to challenge any of the fees incurred by Purple in the Arbitration, or the specific amounts awarded by the Arbitrator" is absurd. That was the whole reason Defendants asked for an evidentiary hearing on fees. That request was obviously an "attempted challenge." Purple's argument that Defendants "not giv[ing] the Court or the Arbitrator any indication about which fees, if any, were erroneously incurred, or should not have been awarded" is not indicative of an insufficient basis to request a hearing. On the contrary, it underscores the very *need* for such a hearing.  With $1.3 million in attorney fees at issue, and with such an extraordinarily low evidentiary standard being applied to substantiate those fees, Defendants had every right to examine them. The Arbitrator improperly denied Defendants that right.

- 7 -

for all of ReST's sales, yet the Arbitrator still awarded Purple *all* ReST's profits.  The Arbitrator's award is much more conclusive evidence of the Arbitrator's partiality than any one image on a website is conclusive evidence of trade dress infringement.

    DATED this 17th day of May, 2024

**ANDERSON & KARRENBERG**

*/s/ Stephen P Horvat*
Stephen P. Horvat
Joseph W. Moxon
*Attorneys for Defendants Responsive Surface Technology, LLC, PatienTech, LLC, and Robert Golden*