James E. Magleby (7247)
 magleby@mcpc.law
Adam Alba (13128)
 alba@mcpc.law
Yevgen Kovalov (16297)
 kovalov@mcpc.law
**MAGLEBY CATAXINOS, PC**
141 W. Pierpont Avenue
Salt Lake City, Utah 84101-3605
Telephone: 801.359.9000
Facsimile: 801.359.9011

Attorneys for Plaintiff Purple Innovation, LLC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **PURPLE INNOVATION, LLC,**<br><br>　　Plaintiff,<br><br>v.<br><br>**RESPONSIVE SURFACE TECHNOLOGY, LLC, PATIENTECH, LLC, and ROBERT GOLDEN,**<br><br>　　Defendants, Counterclaim Plaintiffs, and Third-Party Plaintiffs,<br><br>v.<br><br>**PURPLE INNOVATION, LLC, GARY DICAMILLO, ADAM GRAY, JOSEPH MEGIBOW, TERRY PEARCE, TONY PEARCE, and JOHN DOE NOS. 1-4,**<br><br>　　Counterclaim Defendant and Third-Party Defendants. | **PLAINTIFF'S RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**<br><br><br><br><br><br><br><br><br><br>Civil No.: 2:20-cv-708<br><br>Consolidated No. 2:20-cv-727<br><br>Honorable Robert J. Shelby<br><br>Magistrate Judge Cecilia M. Romero |

Pursuant to DUCivR 7-1(c), Purple Innovation, LLC ("Purple"), through counsel MAGLEBY CATAXINOS, PC, submits this Response to Notice of Supplemental Authority.

On June 6, 2024, Defendants Responsive Surface Technology, LLC and PatienTech, LLC (collectively "ReST") submitted a Notice of Supplemental Authority, Dkt. 240 ("Notice"). In the Notice, ReST stated that *Coinbase, Inc. v. Suski*, 144 S. Ct. 1186, 1193 (2024) is relevant to its argument regarding whether attorney fees could be awarded by the arbitrator based upon a request for fees made in the arbitration. [*See* Notice, Dkt. 240]; [2024-06-06 ReST's Motion to Vacate, Modify, or Correct Arbitration Award at 16-20, Dkt. 226]. Contrary to what ReST suggests, in *Coinbase* the parties entered into two agreements where the initial agreement required all disputes be decided by an arbitrator, and the subsequent agreement provided that all disputes must be decided by California courts. *See Coinbase, Inc. v. Suski*, 144 S. Ct. 1186, 1190 (2024). The Supreme Court was presented with a question: "When two such contracts exist, who decides the arbitrability of a contract-related dispute between the parties—an arbitrator or the court?" *Id*. In other words, "who—a judge or an arbitrator—should decide whether a subsequent contract supersedes an earlier arbitration agreement that contains a delegation clause." *Id*. 1192. The Supreme Court concluded that, under these circumstances, "a court, not an arbitrator, must decide whether the parties' first agreement was superseded by their second." *Id*. at 1195.

Here, this Court has already decided the arbitrability of the dispute between Purple and ReST. [*See* 2021-09-01 Minute Order Granting Motion to Compel Arbitration, Dkt. 190]. The merits of this case have been decided by the arbitrator. As such, *Coinbase* is irrelevant to the issue before this Court because *Coinbase* addresses

1

the issue of the arbitrability of the dispute with two competing arbitration provisions, not whether the arbitrator's award should be vacated or modified after the court has compelled arbitration.

DATED this 13th day of June 2024.

**MAGLEBY CATAXINOS, PC**

_/s/ Adam Alba_
James E. Magleby
Adam Alba
Yevgen Kovalov
*Attorneys for Plaintiff Purple Innovation, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that I am employed by the law firm of MAGLEBY CATAXINOS, PC, 141 W. Pierpont Avenue, Salt Lake City, Utah 84101, and that pursuant to Rule 5(b) of the Federal Rules of Civil Procedure, a true and correct copy of the foregoing **PLAINTIFF'S RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY** was delivered to the following this 13th day of June 2024, by CM/ECF System:

Stephen P. Horvat
  shorvat@aklawfirm.com
Joseph W. Moxon
  jmoxon@aklawfirm.com
ANDERSON & KARRENBERG
50 West Broadway, Suite 600
Salt Lake City, Utah 84101-2035

*Attorneys for Defendants*

/s/ Sashe Zito