James E. Magleby (7247)
 magleby@mcpc.law
Adam Alba (13128)
 alba@mcpc.law
Yevgen Kovalov (16297)
 kovalov@mcpc.law
**MAGLEBY CATAXINOS, PC**
141 W. Pierpont Avenue
Salt Lake City, Utah 84101-3605
Telephone: 801.359.9000
Facsimile: 801.359.9011

Attorneys for Plaintiff Purple Innovation, LLC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **PURPLE INNOVATION, LLC,**<br><br>    Plaintiff,<br><br>v.<br><br>**RESPONSIVE SURFACE TECHNOLOGY, LLC, PATIENTECH, LLC, and ROBERT GOLDEN,**<br><br>    Defendants, Counterclaim Plaintiffs, and Third-Party Plaintiffs,<br><br>v.<br><br>**PURPLE INNOVATION, LLC, GARY DICAMILLO, ADAM GRAY, JOSEPH MEGIBOW, TERRY PEARCE, TONY PEARCE, and JOHN DOE NOS. 1-4,**<br><br>    Counterclaim Defendant and Third-Party Defendants. | **PLAINTIFF'S MOTION TO RELEASE BOND**<br><br><br><br><br><br><br><br><br><br><br><br><br><br>Civil No.: 2:20-cv-708<br><br>Consolidated No. 2:20-cv-727<br><br>Honorable Robert J. Shelby<br><br>Magistrate Judge Cecilia M. Romero |

1

Purple Innovation, LLC, ("Purple" or "Plaintiff") through counsel MAGLEBY CATAXINOS, PC, submits this Motion to Release Bond.

## INTRODUCTION

The Court's treasury currently holds $60,000.00 of Purple's money, which Purple posted as security for a temporary restraining order and preliminary injunction entered by the Court in December of 2020 against Defendants Responsive Surface Technology, LLC and PatienTech, LLC (collectively "ReST").  As described below, there is no longer any requirement for the Court to retain the security because Purple has prevailed in the underlying dispute in arbitration. And even though ReST has challenged some parts of the arbitration award, it has not challenged the bases of the Court's TRO, which issues were resolved in Purple's favor by the arbitrator.  Accordingly, Purple requests that the Court issue an order to release the $60,000.00 bond to Purple.

## STATEMENT OF RELEVANT FACTS

1. On October 13, 2020, Purple filed a complaint against Defendants in this Court, alleging, among others, breach of contract for ReST's failure to comply with the "Revenue Share" provision of the contract between the parties, and trademark and trade dress infringement.  [*See* Complaint Dkt. 1].

2. This Court entered a temporary restraining order against ReST on December 11, 2020.  [*See* Dkt. 63].

3. The Court stated the following in the TRO:

> Plaintiff has demonstrated a substantial likelihood of prevailing on the merits of its claims against Defendants **for trademark infringement and breach of contract**. The evidence establishes that Defendants are using in commerce and in connection with the sale of goods and services Purple's name and trademarks, including U.S. Trademark Reg. No. 5,659,565 for

2

> the use of the stylized mark PURPLE and U.S. Trademark Reg. No. 5,659,866 for the standard character mark PURPLE, and including the Purple Grid™ mark, for which a trademark registration is pending and for which Defendants have acknowledged common law trademark rights by using the "TM" to refer to the Purple Grid™ mark (collectively, the "Marks").

[Dkt. 63 (emphasis added)].

4. On December 24, 2020, the Court entered a preliminary injunction "under the terms imposed by the" TRO after ReST consented to the injunction, and the bond remained in place. [*See* Dkt. 82].

5. On August 31, 2021, the Court granted Defendants' Motion to Compel Arbitration and ordered the parties to arbitrate. [*See* Dkt. 190].

6. The Court then administratively closed the case, but permitted the parties to apply to the Court for relief after the conclusion of the arbitration proceedings. [*See* Dkt. 196].

7. The AAA arbitration proceeded and culminated in a 10-day evidentiary hearing. After the hearing, the Arbitrator issued an Interim Award on Liability and Damages ("Interim Award") in Purple's favor, including on Purple's claims for breach of contract and trademark infringement. [2023-12-15 Interim Award, Dkt. 203-5].

8. Following the submissions of costs and attorney fees, the Arbitrator issued his Final Award on March 8, 2024. [Final Award, Dkt. 203-8].

9. In the Final Award, the Arbitrator confirmed that ReST was liable to Purple for breach of contract (the Revenue Share), and for trademark and trade dress infringement. [Final Award at 23, Dkt. 203-8].

10. The specific components of the Final Award are as follows:

|  | ReST | PatienTech |
|---|---|---|
| Revenue Share | $ 1,324,301.00 | $ 1,324,301.00 |
| Trademark | $ 230,119.00 |  |
| Trade Dress | $ 434,363.00 |  |
| Ad Spend to ReST | $ (5,670.32) |  |
| Attorney Fees: | $ 912,022.50 | $ 912,022.50 |
| Costs: | $ 386,940.08 | $ 386,940.08 |
|  | $ 3,282,075.26 | $ 2,623,263.58 |

[Final Award, Dkt. 203-8].

11. In other words, ReST and PatienTech are jointly and severally liable to Purple for contract damages (Revenue Share) in the principal amount of $1,324,301, plus $1,298,962.58 in arbitration attorney fees and costs, for a total of $2,623,263.58, plus post-award interest of 5% per annum until paid in full, and ReST is liable to Purple for trademark and trade dress damages in the amount of $658,811.68, plus post-award interest of 5% per annum until paid in full. [Final Award at 24, Dkt. 203-8].

12. Purple has asked the Court to confirm the Final award and enter a judgment in Purple's favor, and ReST has challenged parts of the Final Award. [*See* Dkt. 203 and Dkt. 224].

13. In particular, ReST has argued that the Court should modify the award only "to the extent it grants attorney fees and non-taxable costs to Purple," [Dkt. 226 at 16], and that the Court should vacate the award for "trade dress infringement between December 13, 2020 and August 2, 2021." [Dkt. 226 at 23].

14. The portions of the Final Award that ReST has challenged are not part of the Court's TRO, which was based on Purple's contract claim and claim for trademark infringement. [*See* TRO, Dkt. 63].

15. The deadline for ReST to make any additional challenges to the Final Award was "three months after the award [was] filed or delivered," or June 8, 2024. *See* 9 U.S.C. § 12.

## ARGUMENT

Rule 65(c) provides that security for a preliminary injunction or TRO may be ordered by a court "to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). Thus, if there is no risk that a defendant will be (or has been) wrongfully enjoined, then no security is necessary. The majority view is that a defendant is "wrongfully enjoined" only "when it had a right all along to do what it was enjoined from doing." *Global Naps, Inc. v. Verizon New England, Inc.*, 489 F.3d 13, 22 (1st Cir. 2007); *see also Miche Bag, LLC v. Thirty One Gifts LLC*, 2011 WL 13803 (D. Utah, Jan. 4, 2011) (unpublished).

Here, it is undisputed that ReST has not been "wrongfully enjoined." ReST has never made such an argument, and ReST cannot now make such an argument; ReST has waived such an argument, and it is time-barred from making the argument now. In fact, this Court made a preliminary conclusion that Purple was likely to prevail on its claims for breach of contract and trademark infringement, [*see* Dkt. 63], and the Arbitrator ultimately concluded that ReST was liable to Purple on those very claims. [*See* Final Award, Dkt. 203-8].

ReST has not challenged those conclusions in its motion to modify the Final Award that is currently pending, and the time for ReST to challenge those conclusions has long passed. *See* 9 U.S.C. § 12 ("Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered.").

Because Purple prevailed on the claims that are the subject of the TRO, and because ReST has waived any such challenge to those claims and issues, ReST has not been "wrongfully enjoined." As such, there is no longer any need for the $60,000 security that is still in the Court's treasury.

## CONCLUSION

For the reasons stated herein, the Court should issue an order to release the $60,000.00 Bond to Purple. A proposed order consistent with DUCivR 67-1(d) is filed concurrently herewith.

DATED this 12th day of August 2024.

MAGLEBY CATAXINOS, PC

_____
James E. Magleby
Adam Alba
Yevgen Kovalov
*Attorneys for Plaintiff Purple Innovation, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that I am employed by the law firm of MAGLEBY CATAXINOS, PC, 141 W. Pierpont Avenue, Salt Lake City, Utah 84101, and that pursuant to Rule 5(b), Federal Rules of Civil Procedure, a true and correct copy of the foregoing **PLAINTIFF'S MOTION TO RELEASE BOND** was delivered to the following this 12th day of August 2024, by:

[X] CM/ECF System

[ ] Electronic Mail

  Stephen P. Horvat
    shorvat@aklawfirm.com
  Joseph W. Moxon
    jmoxon@aklawfirm.com
  ANDERSON & KARRENBERG
  50 West Broadway, Suite 600
  Salt Lake City, Utah 84101-2035

  *Attorneys for Defendants*

/s/ Sashe Zito