James E. Magleby (7247)
 magleby@mcpc.law
Adam Alba (13128)
 alba@mcpc.law
Yevgen Kovalov (16297)
 kovalov@mcpc.law
**MAGLEBY CATAXINOS, PC**
141 W. Pierpont Avenue
Salt Lake City, Utah 84101-3605
Telephone: 801.359.9000
Facsimile: 801.359.9011

Attorneys for Plaintiff Purple Innovation, LLC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **PURPLE INNOVATION, LLC,**<br><br>    Plaintiff,<br><br>v.<br><br>**RESPONSIVE SURFACE TECHNOLOGY, LLC, PATIENTECH, LLC, and ROBERT GOLDEN,**<br><br>    Defendants, Counterclaim Plaintiffs, and Third-Party Plaintiffs,<br><br>v.<br><br>**PURPLE INNOVATION, LLC, GARY DICAMILLO, ADAM GRAY, JOSEPH MEGIBOW, TERRY PEARCE, TONY PEARCE, and JOHN DOE NOS. 1-4,**<br><br>    Counterclaim Defendant and Third-Party Defendants. | **MOTION FOR COSTS AND ATTORNEY FEES**<br><br><br><br><br><br><br><br><br><br><br><br><br><br>**Civil No.: 2:20-cv-708**<br><br>**Consolidated No. 2:20-cv-727**<br><br>**Honorable Robert J. Shelby**<br><br>**Magistrate Judge Cecilia M. Romero** |

Purple Innovation, LLC, through counsel MAGLEBY CATAXINOS, PC, submits this Motion for Attorney Fees.

## INTRODUCTION

Purple requests that the Court award Purple its costs and attorney fees associated with the proceedings in this Court.[1] Purple is entitled to its taxable costs of $2,185.05 because it is the prevailing party in this dispute. See Fed. R. Civ. P. 54(d).[2] Purple is also entitled to its attorney fees and its non-taxable costs under the Lanham Act because this is an "exceptional case" in which the Defendants infringed upon Purple's intellectual property, forged evidence, gave false testimony, frivolously inflated their alleged damages, and abused the discovery process. 15 U.S.C. § 1117(a). This conduct creates an "exceptional case" under the Lanham Act to justify the award of attorney fees and non-taxable costs.

## RELEVANT FACTS

1.  On October 13, 2020, Purple filed a complaint against Defendants in this Court, alleging several causes of action, including claims for breach of contract, breach of the covenant of good faith and fair dealing, and trademark infringement under the Lanham Act, among others. [Complaint ECF No. 1].

2.  Purple amended its Complaint to add claims for trade dress infringement under the Lanham Act, and other claims. [Amended Complaint, ECF No. 101].

---

[1] With this motion, Purple is not seeking fees and costs incurred with the Arbitration, only the fees and costs incurred in litigation before this Court.

[2] Pursuant to DUCivR 54-2(b), Purple has also submitted a Bill of Costs.

3. Defendants filed a retaliatory complaint against Purple and others, which was subsequently converted to a counterclaim when the cases were consolidated, in which Defendants alleged damages "in excess of $50 million[.]" [2021-02-26 Answer and Counterclaim, ECF No. 140].

4. Defendants moved to compel arbitration, which motion the Court granted. [*See* Order Administratively Closing Case, ECF No. 196].

5. Pursuant to the Court's arbitration order, the parties submitted their claims and counterclaims to the American Arbitration Association. [2021-09-01 Demand for Arbitration (without enclosures), attached as Exhibit 1].

6. Purple submitted the following claims in the arbitration: (1) breach of the MSA and breach of the implied covenants of good faith and fair dealing in the MSA against Defendants; (2) Lanham Act and common law trademark infringement against Defendants and Robert Golden ("Golden")[3]; (3) unfair competition, trade dress infringement, and false advertising under 15 U.S.C. § 1125 and common law unfair competition against Defendants and Golden; (4) deceptive trade practices under Utah Code section 13-11a-3 against Defendants and Golden; (6) patent infringement against Defendants and Golden; and (7) declaratory and injunctive relief against Defendants and Golden. [2023-12-15 Redacted Interim Award at 9, attached as Exhibit 2].

7. Defendants and Golden submitted the following counterclaims in the arbitration: (1) breach of the Ad Spend Agreement; (2) breach of the Verbal Supply

---

[3] At all relevant times, Mr. Golden has been the CEO of Defendants ReST and PatienTech. [*See* 2023-12-15 Interim Award at ¶ 3, Ex. 5].

3

Agreement; (3) misappropriation of trade secrets under the federal Uniform Trade Secrets Act; (4) unjust enrichment; (5) tortious interference with contract; (6) fraud; (7) negligent misrepresentation; (8) unfair competition under the Utah Code. [2023-12-15 Interim Award at 8-9, Ex. 1].

8. Again, Defendants alleged damages in excess of $50 million. [*See* 2022-01-14 Answering Statement and Counterclaims].

9. During the arbitration, Golden falsified evidence by creating a fake email, and he gave false testimony to the Arbitrator. The Arbitrator relied on this falsified evidence in denying a potentially dispositive motion filed by Purple. [2023-06-29 Procedural Order No. 25, attached as Exhibit 3].

10. Purple discovered and exposed the fraud on the tribunal, and the Arbitrator imposed sanctions against Defendants for this conduct. [*See id.*].

11. The Arbitrator noted that the conduct was "egregious and deliberate," and made the following findings:

- The March 3 Email is a forgery that was created by altering a different email that Mr. Golden sent to Mr. Megibow on May 5, 2020.

- Mr. Golden gave false testimony about the March 3 Email at his deposition on April 14, 2023 ("April 14 Golden Depo."). For example, Mr. Golden falsely testified that he sent the Supply Agreement to Mr. Megibow in early March by email; that Mr. Golden and Mr. Megibow then discussed the Supply Agreement; and that Mr. Golden has a copy of the March 3 Email in his files. (April 14 Golden Depo. at 32:20 to 34:16.) After the March 3 Email was produced during the deposition, Mr. Golden testified about the email as if it were authentic, without disclosing that it is fake. (April 14 Golden Depo. at 38:13 to 43:6.)

- Given that the March 3 Email identifies Mr. Golden as the sender, Mr. Golden must have known when he testified that the March 3 Email was fake and that he never sent any such email to Mr. Megibow. In addition,

- Mr. Golden either created the March 3 Email by deliberately altering his May 5 email to Mr. Megibow, or by asking someone else to do this.

- Given that Mr. Golden is the CEO of Respondents ReST and Patientech, I find that all Respondents knew that the March 3 Email was fake, yet proceeded to produce and rely on it.

[*See id*].

12. The arbitration then proceeded to a 10-day evidentiary hearing. After the arbitration hearing, the Arbitrator issued an Interim Award on Liability and Damages ("Interim Award"), awarding Purple damages related to its contract claims and its Lanham Act claims. [2023-12-15 Interim Award, Ex. 2].

13. Following the submissions of costs and attorney fees, the Arbitrator issued the final arbitration award, *i.e.*, the Award. [2024-03-08 Redacted Final Award at 23, Exhibit 4].

14. The specific components of the Award are as follows:

|  | ReST | PatienTech |
|---|---|---|
| Revenue Share | $ 1,324,301.00 | $ 1,324,301.00 |
| Trademark | $ 230,119.00 |  |
| Trade Dress | $ 434,363.00 |  |
| Ad Spend to ReST | $ (5,670.32) |  |
| Attorney Fees: | $ 912,022.50 | $ 912,022.50 |
| Costs: | $ 386,940.08 | $ 386,940.08 |
|  | $ 3,282,075.26 | $ 2,623,263.58 |

15. The net result of the Award is thus as follows: (1) ReST and PatienTech are jointly and severally liable to Purple for damages in the principal amount of $1,324,301, plus $1,298,962.58 in arbitration attorney fees and costs, or for a total of $2,623,263.58, plus post-award interest of 5% per annum until paid in full; and (2) ReST

is liable to Purple for additional damages in the amount of $658,811.68, plus post-award interest of 5% per annum until paid in full.  [Final Award at 24, Ex. 4].

16.     The Arbitrator declined to award Purple its fees and costs incurred during the pre-arbitration proceedings before this Court because, according to the Arbitrator, the AAA rules do not allow the Arbitrator to do so and because this Court "is more familiar with the [federal] litigation and is in a better position" to determine whether Purple is entitled to fees and costs incurred in this case.  [Final Award at 15, Ex. 4].

17.     On October 8, 2024, this Court confirmed the Arbitration award, and it entered Judgment against ReST on October 8, 2024.  [*See* Judgment, ECF No. 248].

18.     To date, Purple has incurred $354,875.93 in fees from work before this Court, which fees were incurred before the case was sent to arbitration, and immediately after the Final Award.  [*See* Declaration of J. Magleby at ¶¶, Exhibit 5].

19.     Purple has incurred $2,185.05 in taxable costs, and $47,160.83 in non-taxable costs.  [*See id.* at ¶¶, Ex. 5].

## ARGUMENT

### I. THE COURT SHOULD AWARD PURPLE ITS COSTS INCURRED IN THE PROCEEDINGS IN THIS COURT AS THE PREVAILING PARTY

Rule 54(d)(1) creates a presumption that the district court will award costs to the prevailing party. *See* Fed. R. Civ. P. 54(d)(1); *see also Serna v. Manzano,* 616 F.2d 1165, 1167 (10th Cir.1980).  "Usually the litigant in whose favor judgment is rendered is the prevailing party for purposes of Rule 54(d)." *Barber v. T.D. Williamson, Inc.*, 254 F.3d 1223, 1234 (quoting Wright & Miller, Federal Practice & Procedure, § 2667).  The "prevailing party" is the "one who has been awarded some relief by the court" such that

there has been a "material alteration of the legal relationship of the parties." *Buckhannon Board & Care Home, Inc v. West Virginia Dept. of Health & Human Resources*, 532 U.S. 598, 603–4 (internal quotation marks and citations omitted). There has been a "material alteration of the legal relationship of the parties" when an "enforceable judgment[ ] on the merits" has been entered. *Id.* at 604 (citations omitted).

Here, Purple is the prevailing party. Purple was awarded $1,988,783, and ReST was awarded $5,670.32. [*See* 2023-12-15 Interim Award]. Purple's award was 350 times that of ReST, and this is the first indication that there has been a "material alteration of the legal relationship between the parties." *Id.*

That Purple is the prevailing party becomes even more pronounced when the amounts sought by the parties are balanced with what was recovered. Here, Purple consistently sought damages of just over $5 million. [2022-02-11 Purple Initial Disclosures, attached as Exhibit 6]. By contrast, for much of this case, ReST sought damages of more than $50 million, plus interest, attorneys' fees, arbitration costs, and punitive damages. [2021-02-26 Answer and Counterclaim, ECF No. 140]. Purple was ultimately awarded $1,988,783 in damages, and ReST was awarded $5,670.32. These awards reflect a "success rate" of 35.7% for Purple, and only 0.01% for ReST:

|  | Amount Sought | Amount Recovered | Success Rate |
|---|---|---|---|
| **Purple** | $5,572,064 | $1,988,783 | 35.7% |
| **ReST** | $49,895,000 | $5,670.32 | 0.01% |

When the amounts actually sought by Purple and ReST are balanced with what was recovered, there can be no question that Purple had the comparative victory, and that Purple is the prevailing party. Since Purple is the prevailing party, it is entitled to

7

taxable costs incurred in these proceedings.[4]  *See* 28 U.S.C. § 1920.  Here, Purple has incurred – and should be awarded $2,185.05 in taxable costs.  [*See* Magleby Decl. at ¶¶, Ex. 5].

## II. THE COURT SHOULD AWARE PURPLE ITS FEES AND NON-TAXABLE COSTS INCURRED IN THE PROCEEDINGS BEFORE THIS COURT

### A. The Court Should Award Purple its Fees Under the Lanham Act

Under the Lanham Act, a prevailing party may recover its attorney fees in "exceptional cases." 15 U.S.C. § 1117(a). "District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014).  When considering whether to award attorney fees under the Lanham Act, courts consider the following nonexclusive factors: "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id*. at 554 n.6.

Exceptional circumstances compelling an award of fees and non-taxable costs include a party willfully deceiving customers, failing to produce pertinent evidence, or abusing the discovery process – all of which occurred here.  *See, e.g.*, *Vitamins Online, Inc. v. HeartWise, Inc*, No. 2:13-CV-00982-DAK, 2020 WL 6581050, at *25 (D. Utah Nov. 10, 2020), aff'd and remanded sub nom *Vitamins Online, Inc. v. Heartwise, Inc.*, 71

---

[4] The Arbitrator specifically declined to award Purple its costs incurred in the proceedings before this Court.

F.4th 1222 (10th Cir. 2023).[5] Exceptional circumstances may also be found if "monetary sanctions were imposed on" a party for "misconduct and delay during discovery." *Derma Pen, LLC v. 4EverYoung Ltd.*, 999 F.3d 1240, 1244 (10th Cir. 2021) (affirming award of fees under the Lanham Act).

Considering all the circumstances, this is an exceptional case such that an award of attorney fees in Purple's favor is warranted. Indeed, the facts of this case are far more egregious than that in the *Vitamins Online* and *Derma Pen* cases. ReST did not just engage in discovery abuse, it engaged in fraud on the arbitration forum and parties by i) forging evidence; ii) giving false deposition testimony; and iii) successfully tricking the Arbitrator in giving ReST relief based upon the forged evidence and fraud.

The evidence at the hearing also demonstrated that ReST either destroyed or spoliated evidence, or manufactured evidence to support its claim to have "spent" the more than $4 million initial payment. ReST's alleged damages of more than $50,000,000 were absurdly inflated, but Purple – as a public company – had to report ReST's ludicrous claims to the public and shareholders. It was only through extraordinary effort that Purple finally caused ReST to steadily abandon and reduce its damages claims, and then defeat the rest of them, through the hearing process.[6] ReST

---

[5] The Lanham Act "exceptional case" analysis is different from that for enhanced damages, demonstrated by the *Vitamins Online* case – which declined to award enhanced damages, but did find that the defendants' conduct met the exceptional case test and awarded fees and non-taxable costs. *Vitamins Online*, 2020 WL 6581050, at *25. The Court should do the same here.

[6] For instance, and telling of ReST's damages theory, the Arbitrator observed about ReST's damages expert analysis: "I've never seen such a short expert report on

9

engaged in egregious bait-and-switch conduct with customers, marketing and selling a Purple product, the "Purple grid," when it had no product to sell, and egregiously copied Purple's trade dress (and then falsely claimed to the Arbitrator that it had not done so in the face of multiple, compelling internal emails indicating otherwise). [*See e.g.*, Interim Award at 40, Ex. 2]. If ever there was an exceptional case, it is this one.

Accordingly, as set forth in the Magleby Declaration, the Court should award Purple $354,875.93 in fees incurred in connection with the litigation before this Court.

### B. The Court Should Award Purple its Non-Taxable Costs

In addition to taxable costs awarded to the prevailing party, certain non-taxable costs, such as expert witness fees, discovery vendor fees, and deposition and hearing costs, are recoverable, along with attorney fees under the Lanham Act in exceptional cases. *See Dropbox, Inc. v. Thru Inc.*, No. 15-CV-01741-EMC, 2017 WL 914273, at *6 (N.D. Cal. Mar. 8, 2017), *aff'd,* 728 F. App'x 717 (9th Cir. 2018); *Arrow Elecs., Inc. v. Arrow P'ship, LLC*, No. 15-CV-02370-RBJ, 2017 WL 713914, at *10 (D. Colo. Jan. 17, 2017).

For instance, in *Dropbox*, the court found that the case met the "exceptional case" standard under 15 U.S.C. § 117(a), warranting an award of approximately $2 million in attorney fees, $116,040.18 in taxable costs and $419,610.41 in non-taxable costs, including expert witness fees. *Id.* (noting that defendant's "engag[ing] in bad faith conduct both prior to and during th[e] litigation" rendered the matter "an exceptional

---

damages. It's basically: My conclusion is this. You go to our charts and figure it out yourself." [Hearing Tr. Day 9 at 187:21-23, attached as Exhibit 7].

case justifying an award of fees." (cleaned up).  Other courts have awarded non-taxable costs, including expert witness fees, pursuant to the courts' inherent authority to award non-taxable costs in "exceptional cases."  *See, e.g.*, *MarcTec, LLC v. Johnson & Johnson*, 664 F.3d 907, 921–22 (Fed. Cir. 2012) (noting that "vexatious conduct and bad faith increased the cost of litigation" "justify[ing] the district court's decision granting expert witness fees"  (cleaned up)); *Takeda Chem. Indus., Ltd. v. Mylan Labs., Inc.*, 549 F.3d 1381, 1391 (Fed. Cir. 2008) (the court "was entitled to use its inherent powers to award Takeda the expert fees … because of the court's numerous articulations of appellants' bad faith and vexatious litigation conduct" (cleaned up)); *Mathis v. Spears*, 857 F.2d 749, 758–59 (Fed. Cir. 1988). This is an exceptional case, as demonstrated above. Thus, the Court should award Purple its non-taxable costs incurred in the proceedings held before this Court, which amount to $47,160.83. [*See* Magleby Decl. at ¶¶ 31, Ex. 5].

## CONCLUSION

For the foregoing reasons, Purple respectfully requests that the Court award Purple its fees and costs incurred in connection with the litigation before this Court.  As of this motion, those attorney fees are $354,875.93, the taxable costs are $2,185.05, and the non-taxable costs are $47,160.83.

DATED this 22nd day of October, 2024.

                                      **MAGLEBY CATAXINOS, PC**

                                      <u>/s/ Adam Alba</u>
                                      James E. Magleby
                                      Adam Alba
                                      Yevgen Kovalov
                                      *Attorneys for Plaintiff Purple Innovation, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that I am employed by the law firm of MAGLEBY CATAXINOS, PC, 141 W. Pierpont Avenue, Salt Lake City, Utah 84101, and that pursuant to Rule 5(b), Federal Rules of Civil Procedure, a true and correct copy of the foregoing **MOTION FOR COSTS AND ATTORNEY FEES** was delivered to the following this 22nd day of October 2024, by:

[X] CM/ECF System

[ ] Electronic Mail

Stephen P. Horvat
   shorvat@aklawfirm.com
Joseph W. Moxon
   jmoxon@aklawfirm.com
ANDERSON & KARRENBERG
50 West Broadway, Suite 600
Salt Lake City, Utah 84101-2035

*Attorneys for Defendants*

                                            /s/ H. Evan Gibson